UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS LP AND FTP SECURITIES LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CIRCLE INTERNET FINANCIAL LIMITED, PLUTO HOLDINGS, INC., SEEDINVEST TECHNOLOGY LLC, SI SECURITIES LLC AND SI ADVISORS I, LLC,<br><br>*Defendants.* | Case No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Circle Internet Financial Limited, Pluto Holdings, LLC (f/k/a Pluto Holdings, Inc.), SI Securities, LLC, and SI Advisors I, LLC (collectively, the "Circle Defendants") and SeedInvest Technology, LLC ("SeedInvest," and collectively with the Circle Defendants, "Defendants"), without waiving the right to assert any defenses available to them, including lack of personal jurisdiction, remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. This court has diversity jurisdiction over this case under 28 U.S.C. § 1332, and the case is removable under 28 U.S.C. §§ 1441 and 1446.

## I. Overview

1. Financial Technology Partners LP and FTP Securities LLC (collectively, "FT") sued Defendants in the Supreme Court of the State of New York, New York County, Index No. 652734/2024, in a filing dated May 28, 2024. The Court accepted that filing on May 30, 2024.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court and served on or obtained by Defendants, including the Complaint, are attached hereto as Exhibit 1.

3. The Complaint asserts causes of action for declaratory judgment, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. FT did not demand a jury trial.

4. The Circle Defendants were served on May 31, 2024.

5. SeedInvest received a copy of the summons and complaint from Plaintiffs on June 14, 2024, but has not been served.

6. All Defendants join in the removal of this case to federal court. *See* 28 U.S.C. § 1446(b)(2)(A).

7. By removing this action, Defendants do not waive any defense and expressly preserve the right to move for dismissal on any available ground.

## II. Removal is timely.

8. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days of service of the initial pleading. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that the removal period is no less than 30 days from receipt of formal service of process, including a summons).

As the Circle Defendants were served on May 31, 2024, and SeedInvest has not been served, removal is timely.

**III.   Parties**

9.      Plaintiff Financial Technology Partners LP is a limited partnership organized under Delaware law and beneficially owned by non-party Steven McLaughlin, a Florida resident and domiciliary. *See* Compl. ¶ 47 (alleging the "ultimate beneficial owner" of Financial Technology Partners LP is Mr. McLaughlin, "who is a resident of Florida").[1] On information and belief, Financial Technology Partners LP is a citizen of Florida for purposes of diversity jurisdiction because each of its two partners is a Florida citizen for diversity purposes.

10.     Based on information reasonably available to Defendants, Financial Technology Partners LP has two partners: (i) a limited partner, the Steven J. McLaughlin Revocable Trust (the "McLaughlin Trust"), a trust organized under the laws of Delaware, and (ii) a general partner, Financial Technology Partners II LLC, a Delaware limited liability company.[2]

---

[1] *See also, e.g.*, Independence Holdings Corp Form 10-K at 4 (April 15, 2022) (signed by Mr. McLaughlin and stating "FT Partners is 100% beneficially owned by Mr. McLaughlin…"), *available at* https://www.sec.gov/Archives/edgar/data/1837393/000119312522106792/d485015d10k.htm.

[2] *See* FINRA BrokerCheck Report for FTP Securities LLC ("BrokerCheck Report") 5-6 (reporting the entities and individuals that indirectly own FTP Securities LLC through their ownership of Financial Technology Partners LP), *available at* https://files.brokercheck.finra.org/firm/firm_129356.pdf (Last visited June 20, 2024).

11. According to SEC filings, the McLaughlin Trust's sole trustee is Mr. McLaughlin,[3] who is a Florida resident and domiciled in Florida.[4] On information and belief, including Mr. McLaughlin's status as the "ultimate beneficial owner" of Financial Technology Partners LP, Mr. McLaughlin is the sole beneficial owner of the McLaughlin Trust. Thus, the McLaughlin Trust is a citizen of Florida for diversity purposes, whether determined based on its trustee's citizenship or that of its beneficial owners.

12. On information and belief, the sole member of Financial Technology Partners II LLC is the McLaughlin Trust.[5] Financial Technology Partners II LLC is therefore a citizen of Florida for diversity purposes.

13. Plaintiff FTP Securities LLC is a limited liability company organized under the laws of Delaware. Compl. ¶ 48. The sole member of FTP Securities LLC is Financial Technology Partners LP, which, as discussed above, has Florida citizenship. *Id.* Therefore, FTP Securities LLC is a citizen of Florida for purposes of diversity jurisdiction.

---

[3] *See, e.g.*, SEC Form 4 filed on behalf of the Steven J. McLaughlin Revocable Trust (May 3, 2024) (signed by Mr. McLaughlin and stating "Steven J. McLaughlin is the sole trustee" of the McLaughlin Trust), *available at* https://www.sec.gov/Archives/edgar/data/1989196/000092963824001692/xslF345X05/form4.xml.

[4] Compl. ¶ 47.

[5] Defendants' belief is based on information on file with FINRA, which states that Mr. McLaughlin holds his one hundred percent beneficial interest in Financial Technology Partners LP solely through the McLaughlin Trust (not Financial Technology Partners II LLC). *See* BrokerCheck Report at 5-6.

14. Defendant Circle Internet Financial Limited is a private company limited by shares incorporated in Ireland, with its principal place of business in Ireland, and is thus a citizen of Ireland for purposes of diversity jurisdiction.

15. Defendant Pluto Holdings, Inc. was incorporated as a Delaware corporation in 2017 and was converted into a limited liability company organized under the laws of Delaware and renamed Pluto Holdings, LLC in 2020. The sole member of Pluto Holdings, LLC is Circle Internet Holdings, Inc. Circle Internet Holdings, Inc. is a corporation incorporated in Delaware with its principal place of business in Massachusetts. Accordingly, Pluto Holdings, LLC (f/k/a Pluto Holdings, Inc.) is a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction.

16. Defendant SI Securities, LLC is a limited liability company organized under the laws of New York. The sole member of SI Securities, LLC is Pluto Holdings, LLC. Because its sole member has Delaware and Massachusetts citizenship, SI Securities, LLC is a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction.

17. Defendant SI Advisors I, LLC is a limited liability company organized under the laws of Delaware. The sole member of SI Advisors I, LLC is Pluto Holdings, LLC. Because its sole member has Delaware and Massachusetts citizenship, SI Advisors I, LLC is a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction.

18. Defendant SeedInvest Technology, LLC is a limited liability company organized under the laws of New York. The only member of SeedInvest Technology, LLC is Moonshine Acquisition, LLC, a limited liability company organized under the laws of Delaware, which is in turn owned by StartEngine Crowdfunding, Inc., a corporation incorporated in Delaware with its principal place of business in California. Because the sole member of SeedInvest Technology, LLC has Delaware and California citizenship, SeedInvest Technology, LLC is a citizen of Delaware and California for purposes of diversity jurisdiction.

### IV.   Removal is proper because the court has diversity jurisdiction.

19. Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different States and in which citizens or subjects of a foreign state are additional parties," 28 U.S.C. § 1332(a)(3), when the amount in controversy exceeds $75,000, exclusive of interest and costs, *id.* § 1332(a), provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2).

20. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity between the plaintiffs and defendants.

21. Because diversity jurisdiction exists and no defendant properly joined and served is a citizen of New York, the case is removable under 28 U.S.C. § 1441.

### A.     The amount in controversy exceeds $75,000.

22.     To meet the amount in controversy requirement for diversity jurisdiction, "the matter in controversy" must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

23.     In addition to other damages, the Complaint alleges that FT is entitled to damages "in the amount of the full agreed-upon fee for the May 2022 Capital Raise," Compl. at 104, which FT alleges is $28.07 million, *id.* ¶ 256.

24.     While Defendants dispute that FT is entitled to damages or any other relief, FT's allegation that it is entitled to $28.07 million satisfies the amount in controversy requirement.

### B.     There is complete diversity among the parties and no properly joined and served defendant is a citizen of New York.

25.     Both as of the filing of the Complaint and this Notice of Removal, the parties are completely diverse. Plaintiffs Financial Technology Partners, LP and FTP Securities LLC are citizens of Florida for purposes of diversity jurisdiction. *See supra* ¶¶ 9–13. Defendants are citizens of Ireland, Massachusetts, Delaware, and California for purposes of diversity jurisdiction. *See id.* ¶¶ 14–18. Diversity jurisdiction therefore exists under 28 U.S.C. § 1332(a)(3).

26.     Because diversity jurisdiction provides a basis for removal, and no defendant is a citizen of New York, removal is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

## V.  Venue is proper.

27.  Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit is pending is both in this district and in this division. Furthermore, the contracts at issue contain a forum selection clause specifying "exclusive jurisdiction of and venue in any New York State or United States Federal Court located in New York County." Compl., Ex. A ¶ 8 , Ex. B ¶ 8.

## VI.  Defendants will provide notice to the state court and FT.

28.  Counsel for Defendants certify that, under 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly filed with the Clerk of the Supreme Court of the State of New York, New York County and promptly served on counsel for FT.

## VII.  Conclusion

29.  Defendants remove the case pending in the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, under 28 U.S.C. §§ 1332, 1441, and 1446.

30.  Should FT move to remand this case, Defendants respectfully request an opportunity to respond more fully in writing, including by submitting additional declarations and authority, in further support of their jurisdictional allegations. Furthermore, should Plaintiffs dispute their Florida citizenship, Defendants respectfully request the opportunity to conduct jurisdictional discovery.

June 20, 2024                                   Respectfully submitted,

*/s/ Christina Karam*
Kevin R. Puvalowski
Christina Karam
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
(212) 370-0330
kpuvalowski@pkbllp.com
ckaram@pkbllp.com

Adam L. Hoeflich (*Pro Hac Vice* forthcoming)
Abby M. Mollen (*Pro Hac Vice* forthcoming)
Joshua P. Ackerman (*Pro Hac Vice* forthcoming)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com
abby.mollen@bartlitbeck.com
joshua.ackerman@bartlitbeck.com

Eric F. Dement (*Pro Hac Vice* forthcoming)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3152
eric.dement@bartlitbeck.com

*Counsel for Circle Internet Financial Limited, Pluto Holdings, LLC (f/k/a Pluto Holdings, Inc.), SI Securities, LLC, and SI Advisors I, LLC*


*/s/ George W. Kroup*
George W. Kroup
BAUGHMAN KROUP BOSSE PLLC
One Liberty Plaza, 46th Floor
New York, NY 10006
(212) 548-3212
gkroup@bkbfirm.com

*Counsel for SeedInvest Technology, LLC*

9

**CERTIFICATE OF SERVICE**

This is to certify that on June 20, 2024, a true and correct copy of the foregoing was served on the counsel of record for Plaintiffs listed below, via email and certified mail:

    Matthew A. Schwartz (schwartzmatthew@sullcrom.com)
    Benjamin R. Walker (walkerb@sullcrom.com)
    Christopher M. Weldon (weldonc@sullcrom.com)
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York 10004
    (212) 558-4000

*Counsel for Plaintiffs*

    */s/ Christina Karam*
    Christina Karam