**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FINANCIAL TECHNOLOGY PARTNERS
LP AND FTP SECURITIES LLC,

        Plaintiffs,

v.

CIRCLE INTERNET FINANCIAL
LIMITED, PLUTO HOLDINGS, INC.,
SEEDINVEST TECHNOLOGY LLC, SI
SECURITIES LLC AND SI ADVISORS I,
LLC,

        Defendants.

No. 1:24-cv-04717-VM-SDA

Judge Victor Marrero
Magistrate Judge Stewart D. Aaron

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**FINANCIAL TECHNOLOGY PARTNERS L.P. AND**
**FTP SECURITIES LLC'S MOTION TO REMAND TO STATE COURT**

        Matthew A. Schwartz
        Benjamin R. Walker
        Christopher M. Weldon
        SULLIVAN & CROMWELL LLP
        125 Broad Street
        New York, New York 10004
        (212) 558-4000
        schwartzmatthew@sullcrom.com
        walkerb@sullcrom.com
        weldonc@sullcrom.com

        *Attorneys for Plaintiffs Financial Technology*
        *Partners L.P. and FTP Securities LLC*

August 8, 2024

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................................1

**BACKGROUND** .........................................................................................................................1

    A.    FT Partners Files Suit in New York State Court........................................................1

    B.    Defendants Remove the Action to This Court..........................................................2

**ARGUMENT** ................................................................................................................................3

    A.    Financial Technology Partners L.P. Is a Citizen of California, Delaware, and Florida ......................................................................................................................4

    B.    FTP Securities LLC Is a Citizen of California, Delaware, and Florida .................13

    C.    SeedInvest Technology Is a Citizen of California and Delaware ..........................14

    D.    The Other Defendants Are Citizens of Ireland, Delaware, and Massachusetts .....14

    E.    There Is No Complete Diversity ............................................................................15

**CONCLUSION** ..........................................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Advani Enters., Inc.* v. *Underwriters at Lloyds*,
   140 F.3d 157 (2d Cir. 1998) ..................................................................................................3

*CBS Inc.* v. *Snyder*,
   762 F. Supp. 71 (S.D.N.Y. 1991) ..........................................................................................8

*ESPN, Inc.* v. *N. Pole, Ltd.*,
   2009 WL 176624 (S.D.N.Y. Jan. 22, 2009) ..........................................................................3

*GBForefront, L.P.* v. *Forefront Mgmt. Grp., LLC*,
   888 F.3d 29 (3d Cir. 2018) ................................................................................................8, 10

*Gross* v. *Home Depot U.S.A., Inc.*,
   386 F. Supp. 2d 296 (S.D.N.Y. 2005) .................................................................................15

*Handelsman* v. *Bedford Vill. Assocs. Ltd. P'ship*,
   213 F.3d 48 (2d Cir. 2000) ....................................................................................................4

*Hodges* v. *Demchuk*,
   866 F. Supp. 730 (S.D.N.Y. 1994) ........................................................................................3

*ICON MW, LLC* v. *Hofmeister*,
   950 F. Supp. 2d 544 (S.D.N.Y. 2013) ...................................................................................3

*Korb* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   2006 WL 300477 (S.D.N.Y. Feb. 7, 2006) ..................................................................5, 7, 13

*Mennen* v. *Wilmington Trust Co.*,
   2013 WL 4083852 (Del. Ch. Ct. July 25, 2013) ...................................................................9

*Palazzo ex rel. Delmage* v. *Corio*,
   232 F.3d 38 (2d Cir. 2000) ....................................................................................................5

*Parler, LLC* v. *Amazon Web Servs., Inc.*,
   2021 WL 4476918 (W.D. Wash. Sept. 30, 2021) ...............................................................11

*Payne* v. *Overhead Door Corp.*,
   172 F. Supp. 2d 475 (S.D.N.Y. 2001) ...................................................................................3

*Platinum Montaur Life Scis., LLC* v. *Navidea Biopharamceuticals, Inc.*,
   943 F.3d 613 (2d Cir. 2019) ..................................................................................................3

*Raymond Loubier Irrevocable Tr.* v. *Loubier*,
    858 F.3d 719 (2d Cir. 2017) .................................................................................... *passim*

*Rosa* v. *Charitable Trucking Co.*,
    2021 WL 3774312 (S.D.N.Y. Aug. 24, 2021) ................................................................ 7, 13

*Shanghai Fosun Pharm. (Grp.) Co., Ltd.* v. *Hajjar*,
    2022 WL 20637787 (S.D.N.Y. Oct. 5, 2022) ............................................................ 5, 7, 14

*Wang by & through Wong* v. *New Mighty U.S. Tr.*,
    843 F.3d 487 (D.C. Cir. 2016) .......................................................................................... 10

*Wells Fargo Bank Nw., N.A.* v. *Synergy Aerospace Corp.*,
    2017 WL 3393945 (S.D.N.Y. Aug. 7, 2017) .................................................................... 10

*Wis. Dep't of Corr.* v. *Schacht*,
    524 U.S. 381 (1998) ..................................................................................................... 3, 15

**STATUTES**

28 U.S.C. § 1332 .................................................................................................... *passim*

Plaintiffs Financial Technology Partners L.P. ("FTP LP") and FTP Securities LLC ("FTP Securities") (together, "FT Partners") respectfully submit this memorandum of law in support of their motion to remand this action to the Supreme Court of the State of New York, New York County.

## PRELIMINARY STATEMENT

Defendants Circle Internet Financial Limited ("Circle"), Pluto Holdings, LLC (f/k/a Pluto Holdings, Inc.) ("Pluto"), SI Securities, LLC ("SI Securities"), SI Advisors I, LLC ("SI Advisors"), and SeedInvest Technology, LLC ("SeedInvest Technology") (together, "Defendants") removed this action on the basis of diversity jurisdiction. In doing so, they relied solely on 28 U.S.C. § 1332(a), which grants this Court jurisdiction over actions for which: (i) there is complete diversity of citizenship between the plaintiffs and defendants; and (ii) the amount in controversy exceeds $75,000. Complete diversity only exists if no plaintiff and no defendant are citizens of the same state. In this action, Plaintiffs FTP LP and FTP Securities are citizens of California, Delaware, and Florida. Defendant SeedInvest Technology is a citizen of California and Delaware. And Defendants Pluto, SI Securities, and SI Advisors are citizens of Delaware and Massachusetts. Because there are California and Delaware citizens on both sides of this action, there is no complete diversity and this Court lacks subject matter jurisdiction. The action therefore must be remanded.

## BACKGROUND

### A. FT Partners Files Suit in New York State Court

On May 28, 2024, FT Partners filed the initial complaint in the underlying action in the Supreme Court of the State of New York. FT Partners' amended complaint ("Am. Compl.") arises from two engagement letters entered into between the parties in 2020. (ECF No. 40, at ¶¶ 1, 5, 17.) The first letter, between Circle and FT Partners, provides for FT Partners to serve as

Circle's exclusive financial and strategic advisor in connection with possible transactions ("Circle Agreement"). (*Id.* at ¶ 75.) The second letter, between Circle, on behalf of itself and the other Defendants, and FT Partners, provides for FT Partners to serve as Defendants' financial and strategic advisor in connection with possible transactions ("SeedInvest Agreement"). (*Id.* at ¶¶ 17, 110.) Both the Circle Agreement and SeedInvest Agreement provide that Circle will pay FT Partners percentage-based fees in connection with qualifying transactions. (*Id.* at ¶¶ 86, 89, 115.) And they are both long-term agreements that remain in effect until either a company sale occurs or Circle terminates the agreement for one of three narrow and specified reasons. (*Id.* at ¶¶ 78(e), 78(f), 119.)

In 2022, Circle purported to terminate both agreements, despite not meeting the requirements for termination. (*Id.* ¶¶ 230-55, 266-86.) Defendants then quickly entered into certain transactions that entitle FT Partners to contractually specified fees. (*Id.* ¶ 260 (capital raise under Circle Agreement), ¶ 300 (company sale under SeedInvest Agreement), ¶¶ 305-06 (capital raise under Circle Agreement).) The Amended Complaint brings state common-law claims for a declaratory judgment, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. (*Id.* ¶¶ 314-54.) FT Partners seeks, among other relief, contractually specified fees in excess of $44 million and a declaration that the Circle Agreement remains in effect. (*Id.* at pp. 105-07.) The Complaint does not assert any claims arising under federal law.

**B.   Defendants Remove the Action to This Court**

On June 20, 2024, Defendants filed a notice of removal to the Southern District of New York. ECF No. 1 ("Notice"). Defendants claim that this Court has jurisdiction under 28 U.S.C. § 1332(a), which provides for diversity jurisdiction over civil actions between "citizens

of different States and in which citizens or subjects of a foreign state are additional parties" when the amount in controversy exceeds $75,000.  (Notice ¶ 20.)

## ARGUMENT

28 U.S.C. § 1332(a) "grant[s] jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'"  *Platinum Montaur Life Scis., LLC* v. *Navidea Biopharamceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Wis. Dep't of Corr.* v. *Schacht*, 524 U.S. 381, 388 (1998)).  Thus, "diversity is lacking where any party to the action is a citizen of the same state as an opposing party."  *ICON MW, LLC* v. *Hofmeister*, 950 F. Supp. 2d 544, 545 (S.D.N.Y. 2013) (Marrero, J.).

"The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete."  *Advani Enters., Inc.* v. *Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  As such, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper."  *Hodges* v. *Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994).  Moreover, "'[a]ny doubts as to removability should be resolved in favor of remand.'" *ESPN, Inc.* v. *N. Pole, Ltd.*, 2009 WL 176624, at *2 (S.D.N.Y. Jan. 22, 2009) (quoting *Payne* v. *Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001)).  If the removing party cannot sustain this burden, "the case will be remanded to state court." *Id.*

Contrary to Defendants' assertions, complete diversity does not exist between the parties.  On the Plaintiffs' side, both FTP LP and FTP Securities are citizens of California, Delaware, and Florida.  On Defendants' side: (i) SeedInvest Technology is citizen of California and Delaware; and (ii) Pluto, SI Securities, and SI Advisors are citizens of Delaware and Massachusetts. Accordingly, there are California and Delaware citizens on both sides of this

action, and so no complete diversity exists. Therefore, this Court lacks subject matter jurisdiction and the action must be remanded to New York state court.

### A. Financial Technology Partners L.P. Is a Citizen of California, Delaware, and Florida.

Financial Technology Partners L.P. is a Delaware limited partnership. (Ex. 1 (Declaration of Steven J. McLaughlin ("S. McLaughlin Decl.")) ¶ 5[1]; Ex. 2 (Fourth Amended and Restated Limited Partnership Agreement of Financial Technology Partners L.P. ("FTP LP Agreement")) at 1.) FTP LP has three partners:

- The general partner is Financial Technology Partners II LLC ("FTP II LLC"). (S. McLaughlin Decl. ¶ 6; FTP LP Agreement at 1.)

- The first limited partner is the Steven J. McLaughlin Revocable Trust ("McLaughlin Trust"). (S. McLaughlin Decl. ¶ 7; FTP LP Agreement at 1.)

- The second limited partner is Cinco de Mayo Holdings LLC ("Cinco LLC"). (S. McLaughlin Decl. ¶ 8; Ex. 3 (Financial Technology Partners L.P. Transfer and Assignment of Limited Partnership Interests dated June 30, 2023 ("2023 Cinco Assignment")) at 1-2.)

FTP LP has had this ownership structure since June 30, 2023, when Cinco LLC became a limited partner of FTP LP. (S. McLaughlin Decl. ¶ 8; 2023 Cinco Assignment at 1-2.)

A limited partnership has "the citizenship of each of its general and limited partners." *Handelsman* v. *Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000). FTP LP therefore has the citizenship of each of its partners.

#### 1. FTP II LLC Has California and Florida Citizenship.

FTP II LLC is a Delaware limited liability company. (S. McLaughlin Decl. ¶ 9; Ex. 4 (Third Amended and Restated Operating Agreement of Financial Technology Partners II

---

[1] Unless otherwise stated, all exhibits are exhibits to the Declaration of Matthew A. Schwartz, dated August 7, 2024.

LLC ("FTP II LLC Agreement")) at 1.)  FTP II LLC has two members: the McLaughlin Trust and Andrew J. McLaughlin.  (S. McLaughlin Decl. ¶ 10; FTP II LLC Agreement at 1-2.)

"[A] limited liability company is deemed to be a citizen of each state of which its members are citizens."  *Shanghai Fosun Pharm. (Grp.) Co., Ltd.* v. *Hajjar*, 2022 WL 20637787, at *1 (S.D.N.Y. Oct. 5, 2022).  The McLaughlin Trust is a Florida citizen.[2]

As to Andrew McLaughlin, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile."  *Palazzo ex rel. Delmage* v. *Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  Thus, Andrew's citizenship is where he "'has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"  *Id; see Korb* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2006 WL 300477, at *1 (S.D.N.Y. Feb. 7, 2006) ("'Domicile requires (1) the party's physical presence in the state; (2) the intent to remain in that state indefinitely.'").  In determining domicile, courts often look to factors including "voting registration and voting practices, location of real and personal property, location where taxes are paid, location of brokerage and bank accounts, driver's and other licenses, membership in churches, clubs, and associations, whether the person owns or rents his place of residence, and locations of the person's physician, lawyer, accountant, dentist, or stockbroker."  *Korb*, 2006 WL 300477, at *1.  Here, these considerations make clear that Andrew's domicile is California.

Specifically, Andrew "moved to California in 2006," and has "lived there year-round ever since."  (Declaration of Andrew J. McLaughlin in Support of Plaintiffs' Motion to Remand ("A. McLaughlin Decl.") ¶ 5.)  He owns a house in San Francisco, and does "not own,

---

[2]   The McLaughlin Trust is a traditional trust used for estate-planning purposes. (S. McLaughlin Decl. ¶ 11.)  It has only a single trustee, Steven, and so its citizenship is the same as Steven's.  *Raymond Loubier Irrevocable Tr.* v. *Loubier*, 858 F.3d 719, 728-29 (2d Cir. 2017); (Ex. 10 at 1).  Steven is a Florida domiciliary and thus a Florida citizen.  (*See* S. McLaughlin Decl. ¶¶ 3-4, 19-22.)

lease, or maintain any real property outside of California." (*Id.* ¶¶ 5, 14; Ex. A to A. McLaughlin Decl. (Short Form Deed of Trust and Assignment of Rents).)[3] He lives at that San Francisco residence with his "wife and [his] 2 children," and his children "attended school in San Francisco from preschool through high school." (A. McLaughlin Decl. ¶ 6.) His younger son continues to attend that high school, and Andrew made numerous donations to that school in 2023. (*Id.*; Ex. B to A. McLaughlin Decl. (donation receipt).) Andrew is also "a member of Saint Vincent de Paul Church based in San Francisco, California." (A. McLaughlin Decl. ¶ 7.)

Andrew has "worked at FTP LP since 2006," and is currently employed as a Managing Director there. (*Id.* ¶ 8; Ex. C to A. McLauswghlin Decl. (TriNet printout).) He primarily works out of FTP LP's San Francisco office. (A. McLaughlin Decl. ¶ 8.)

Andrew owns an automobile that was "purchased and registered in California," and does "not own or lease any vehicles in any other state." (*Id.* ¶ 13.) He is "licensed to operate a motor vehicle in California." (*Id.* ¶ 20; Exs. H, I to A. McLaughlin Decl. (former and current California driver's license).)

Andrew has "filed and paid California resident income taxes since 2006." (A. McLaughlin Decl. ¶ 17; Ex. F to A. McLaughlin Decl. (California tax return).) He has "not filed a tax return in a state other than California since 2005 or 2006." (A. McLaughlin Decl. ¶ 18.) Andrew is also "registered to vote in San Francisco County, California," and "voted in California in the 2024 presidential primary election." (*Id.* ¶ 19; Ex. G to A. McLaughlin Decl. (voting registration).)

---

[3] Andrew receives mail at this residence, as well as utilities and internet service. (A. McLaughlin Decl. ¶¶ 10-12; Exs. D, E to A. McLaughlin Decl. (electrical and gas statement and internet bill).)

Andrew spends "every night in California, except for infrequent business travel and vacations." (A. McLaughlin Decl. ¶ 15.) In total, he estimates that "during the past year," he has "spent no more than 12-14 nights outside of California." (*Id.*) On these trips outside of California, he always intends "to return home to California." (*Id.*) Moreover, he "do[es] not have any plans or intention to move out of California, which is [his] permanent home." (*Id.* ¶ 16; *see also id.* ¶ 3 ("I reside in San Francisco, California, and intend to keep my home in San Francisco for the indefinite future.").)

All of this confirms that Andrew has both a "physical presence" in California and an "intent to remain in that state indefinitely." *Korb*, 2006 WL 300477, at *1. That intent is demonstrated by Andrew's statements that California is his "permanent home," and that he intends to remain there "for the indefinite future." (A. McLaughlin Decl. ¶¶ 3,16.) And it is further confirmed that by the facts showing that his life is centered in California: his sole residence is there, his spouse and kids are there, his job and church are there, and he votes and pays taxes there. This showing more than establishes that Andrew is a California domiciliary, and thus a California citizen. *See Rosa* v. *Charitable Trucking Co.*, 2021 WL 3774312, at *6 (S.D.N.Y. Aug. 24, 2021) (finding that an individual had changed his domicile to North Carolina based on a "lease agreement," a "commercial driver's license" and "[i]nsurance identification card" reflecting that North Carolina address, and statements made in affidavits).

### 2. Cinco LLC Has California and Delaware Citizenship.

Cinco LLC is a Delaware limited liability company. (S. McLaughlin Decl. ¶ 13; Ex. 5 (Limited Liability Company Agreement of Cinco De Mayo Holdings LLC ("Cinco LLC Agreement")) at 1.) Cinco LLC's sole member is The Cinco De Mayo Trust ("Cinco Trust"). (S. McLaughlin Decl. ¶ 13; Cinco LLC Agreement at 18.) Accordingly, Cinco LLC has the same citizenship as the Cinco Trust. *See Shanghai Fosun*, 2022 WL 20637787, at *1.

***The Cinco Trust Is a Traditional Trust.*** In evaluating diversity, the Second Circuit classifies trusts into two types: (i) "traditional trusts" and (ii) "business trusts." *Raymond Loubier Irrevocable Tr.* v. *Loubier*, 858 F.3d 719, 731 (2d Cir. 2017). A "traditional trust" is a common-law entity that "establishes only a fiduciary relationship and that cannot sue or be sued in its own right." *Id.* at 729. Such trusts are typically used "for purposes of estate planning." *Id.* By contrast, a "business trust" refers to "'a variety of unincorporated entities,'" that, while labeled as trusts by state law, are "a separate legal entity that itself can sue or be sued" and therefore "'have little in common' with traditional trusts." *Id.* at 728-29. *See also GBForefront, L.P.* v. *Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 40–41 (3d Cir. 2018) ("[A] traditional trust facilitates a donative transfer . . . while a business trust implements a bargained-for exchange.") (citation omitted).

The Cinco Trust is a traditional trust used for estate-planning purposes. (S. McLaughlin Decl. ¶ 14.) Specifically, the purpose of the trust is to hold property for the benefit of certain members of Steven J. McLaughlin's family. (*Id.* ¶ 14; *see* Ex. 6 (Agreement of Trust ("Cinco Trust Agreement")) at Art. I(A).)[4] Under the Cinco Trust, Steven, as donor, "transfer[ed] to the Fiduciary" certain property to be disposed of in accordance with the terms of the Cinco Trust. (Cinco Trust Agreement at 1-2.) From June 30, 2023 to June 29, 2024, *i.e.*, at both the time the initial complaint was filed and at the time of removal, that property included a 24.999% interest in FTP LP. (S. McLaughlin Decl. ¶ 13; 2023 Cinco Assignment at 2); *see CBS Inc.* v. *Snyder*, 762 F. Supp. 71, 73 (S.D.N.Y. 1991) ("A party seeking removal predicated on diversity of citizenship

---

[4] The Cinco Trust also provides for the creation of other such trusts. (*See* Cinco Trust Agreement at Arts. II, IV.) However, no such additional trusts have been created. (S. McLaughlin Decl. ¶ 16.)

-8-

must allege sufficient facts to show diversity both at the time of the commencement of the action in state court and at the time of removal.").[5]

The Cinco Trust and any trusts created under it are governed by the laws of Delaware. (Cinco Trust Agreement at Art. XIX.) "[N]o section of Delaware's trust law defines an express trust as a separate legal entity," and so "the common law rule," under which "a trust is not a separate legal entity," applies to express trusts like the Cinco Trust. *See Mennen* v. *Wilmington Trust Co.*, 2013 WL 4083852, at *9 (Del. Ch. Ct. July 25, 2013) (contrasting this to a Delaware "statutory trust" that "'is a separate legal entity' that 'may sue and be sued'"). Thus the Cinco Trust cannot bring suit in its own name. (*See also* Cinco Trust Agreement, Art. XIV(A)(26) (allowing "the Fiduciary of any trust created under this Agreement" to "pay for any legal fees or other expenses incurred by such Fiduciary . . . in defending against any [] action or suit before a court . . . with such legal fees and other expenses being charged against the property administered in such trust").

Moreover, property held by the trust is controlled by the trust's fiduciaries rather than its beneficiaries. (*See, e.g.*, *id.* at Art. I(A) ("[t]he Trustee shall be authorized to make such payments or applications to and among such beneficiaries"); *id.* at Art. XVII ("no beneficiary of any trust created under this Agreement shall have the power to voluntarily or involuntarily convey, anticipate, assign, encumber or in any way dispose of any part of the income or principal of such trust"). Likewise, the power to control trust assets is given to the fiduciaries of the trusts, not the beneficiaries. (*See generally id.* at Art. XIV(A).)

---

[5]  On June 30, 2024, the McLaughlin Trust assigned an additional 24.999% interest in FTP LP to Cinco LLC. (Ex. 12 (Financial Technology Partners L.P. Transfer and Assignment of Limited Partnership Interests dated June 30, 2024).)

The Cinco Trust is thus analogous to the trusts that the Second Circuit found to be traditional trusts in *Raymond Loubier*. There, the trust was a traditional trust because: (i) "the trusts themselves are not entities that can be sued except through their trustees"; and (ii) the trusts did not "pertain to shareholders who hold 'ownership interests' in trust property and who have 'votes in the trust by virtue of their shares of beneficial interest.'" *Raymond Loubier*, 858 F.3d at 729-30. It is likewise a "traditional trust" because it "facilitates a donative transfer." *GBForefront, L.P.*, 888 F.3d at 40; *see also Wang by & through Wong* v. *New Mighty U.S. Tr.*, 843 F.3d 487, 495 (D.C. Cir. 2016) (concluding that "donative trust" that "cannot sue and be sued as an entity" "is a traditional trust").

***A Traditional Trust Takes the Citizenship of Each of Its Trustees.*** For "traditional trusts," "it is the trustees' citizenship that must inform any diversity determination." *Raymond Loubier*, 858 F.3d at 722, 731 ("legal proceedings involving such traditional trusts are effectively brought by or against their trustees and, thus, it is the trustees' citizenship, not that of beneficiaries, that matters for purposes of diversity"). That is, a "traditional trust" "assumes its trustees' citizenship for diversity jurisdiction." *Wang*, 843 F.3d at 495.[6] This rule applies even where, as here, the trust's citizenship is only relevant because it holds limited partnership interests. *See GBForefront, L.P.*, 888 F.3d at 41 (even though the trusts were "relevant only for jurisdictional

---

[6] One limited exception to this rule is that "[i]f a trustee is truly a naked trustee, the trust's beneficiaries are the real parties to the controversy, and their citizenship will control for diversity purposes." *Wells Fargo Bank Nw., N.A.* v. *Synergy Aerospace Corp.*, 2017 WL 3393945, at *3 (S.D.N.Y. Aug. 7, 2017). A "naked trustee" is one that does not "'possess[] certain customary powers to hold, manage, and dispose of assets for the benefit of others.'" *Id*. at *3-4 (citation omitted). While the trustees of the Cinco Trust are not "naked trustees," even if they were, that would not change the fact that the Cinco Trust is a citizen of California (among other states): Andrew McLaughlin, a California citizen, is also a beneficiary of the Cinco Trust. (S. McLaughlin Decl. ¶ 11; Cinco Trust Agreement at Art. I(A).) FT Partners will submit additional materials establishing the citizenship of other Cinco Trust beneficiaries if it would be helpful to the Court's decision.

purposes because they are limited partners of a limited partnership that in turn is a limited partner of the partnership that actually initiated the lawsuit," "the jurisdictional citizenship of a traditional trust is only that of its trustee," as "[t]he rules for determining citizenship do not change depending on whether a trust is embedded within another business entity"). Moreover, the citizenship of an "administrative trustee" is imputed to the trust in the same way that the other trustee's citizenships are. *See Parler, LLC* v. *Amazon Web Servs., Inc.*, 2021 WL 4476918, at *5 (W.D. Wash. Sept. 30, 2021) (rejecting argument that the citizenship of J.P. Morgan—which was alleged to be "a trustee in name only" with "merely 'administrative and clerical'" responsibilities—should be disregarded, and holding instead that the "traditional trust" at issue "takes on the citizenship of its trustees, including" J.P. Morgan).

Accordingly, the Cinco Trust has the citizenship of each of its trustees:

- Andrew McLaughlin (S. McLaughlin Decl. ¶ 15; Cinco Trust Agreement at 1);

- John Lawrence Furlong (S. McLaughlin Decl. ¶ 15; Cinco Trust Agreement at 1); and

- The Bryn Mawr Trust Company of Delaware ("Bryn Mawr"), which on May 28, 2024 replaced First Republic Trust Company of Delaware as administrative trustee. (S. McLaughlin Decl. ¶ 15; Ex. 7 (Removal, Appointment and Acceptance of Administrative Trustee and Removal and Appointment of Designated Administrative Trustee) at 6.)

As discussed above (*supra* at 5-7), Andrew McLaughlin is a California citizen.

Mr. Furlong is likewise a California domiciliary and thus a California citizen. Mr. Furlong "moved to California in 2001," and has "lived there ever since." (Declaration of John Lawrence Furlong in Support of Plaintiffs' Motion to Remand ("Furlong Decl.") ¶ 4.) He owns a house in Malibu and has lived there "since 2019." (*Id.* ¶ 4; *see also* Ex. A to Furlong Decl. (mortgage statement).) He lives at that Malibu residence with his wife. (Furlong Decl. ¶ 5.) He receives mail at his Malibu residence and employs various professionals in the area, including his

-11-

"primary-care physician, tax preparer, and estate-planning lawyer." (*Id.* ¶¶ 9, 22.) His Malibu address is reflected on his bank statement. (*Id.* ¶ 20; Ex. J to Furlong Decl. (bank statement).) His cell phone has a California area code and the bill for his cell phone family plan reflects his Malibu address. (Furlong Decl. ¶ 21; Ex. K to Furlong Decl. (cellular service bill).)

Mr. Furlong has "worked at FTP LP since 2010," and is "currently employed by FTP LP as a Managing Director." (Furlong Decl. ¶¶ 7, 8; Ex. B to Furlong Decl. (TriNet printout).) He is also a member of the Soho House Little Beach House Malibu, a club in Malibu, California. (Furlong Decl. ¶ 6.)

Mr. Furlong "own[s] two automobiles that [he] purchased and registered in California" and does "not own or lease any vehicles in any other state." (Furlong Decl. ¶ 10; Exs. C, D to Furlong Decl. (certificate of title and validated registration card).) He is "licensed to operate a motor vehicle in California." (Furlong Decl. ¶ 19; Exs. H, I to Furlong Decl. (former and current California driver's license).)

Mr. Furlong has "paid California resident income taxes since 2001," and has "not filed a tax return in a state other than California since 2001 at the latest." (Furlong Decl. ¶¶ 15, 17; Exs. E, F to Furlong Decl. (California and federal tax returns).) He is also "registered to vote in California," and "voted in California in the 2022 general election." (Furlong Decl. ¶ 18; Ex. G to Furlong Decl. (voting registration).)

While Mr. Furlong also rents a "residence in New York for [his] older son to reside in," Mr. Furlong spends only "roughly 100-120 days per year at this New York residence." (Furlong Decl. ¶ 5.) In contrast, "[d]uring 2024 to date, [he] h[as] spent over 50% of [his] time in California." (*Id.* ¶ 24.) When he is "absent from California, it is always [his] intent to return home to California." (*Id.* ¶ 13.) Moreover, he "do[es] not have any plans or intention to move out of

-12-

California, which is [his] permanent home." (*Id.* ¶ 14; *see also id.* ¶ 2 ("I reside in Malibu, California, and intend to keep my home in Malibu for the indefinite future.").)

All of this confirms that Mr. Furlong has both a "physical presence" in California and an "intent to remain in that state indefinitely." *Korb*, 2006 WL 300477, at *1. That intent is demonstrated by Mr. Furlong's statements that California is his "permanent home," and that he intends to remain there "for the indefinite future." (Furlong Decl. ¶¶ 2, 14.) And it is further confirmed that by the facts showing that his life is centered in California: his primary residence is there, his spouse is there, his club and various professionals he retains are there, and he votes and pays taxes there. This showing more than establishes that Mr. Furlong is a California domiciliary, and thus a California citizen. *See Rosa*, 2021 WL 3774312, at *6.

Bryn Mawr is a Delaware corporation with its principal place of business in Delaware. (Ex. 8 (result from Delaware Department of State search page); Ex. 9 (printout of webpage showing that Bryn Mawr's office is in Greenville, Delaware).) As such, it has Delaware citizenship. 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

Because the trustees of the Cinco Trust are citizens of Delaware and California, the Cinco Trust has Delaware and California citizenship.

\*    \*    \*

FTP LP's partners are citizens of California, Delaware, and Florida. Accordingly, FTP LP has California, Delaware, and Florida citizenship.

**B.    FTP Securities LLC Is a Citizen of California, Delaware, and Florida.**

FTP Securities is a Delaware limited liability company. (S. McLaughlin Decl. ¶ 17; Ex. 11 (Amended and Restated Operating Agreement of FTP Securities LLC ("FTP Securities

Agreement")) at 1.) As such, its citizenship is that of its members. *Shanghai Fosun*, 2022 WL 20637787, at *1 ("[A] limited liability company is deemed to be a citizen of each state of which its members are citizens."). FTP Securities' sole member is FTP LP. (S. McLaughlin Decl. ¶ 17; FTP Securities Agreement at 1.) Accordingly, FTP Securities has California, Delaware, and Florida citizenship.

### C. SeedInvest Technology Is A Citizen of California and Delaware.

As Defendants acknowledge, "SeedInvest Technology, LLC is a citizen of California and Delaware for purposes of diversity jurisdiction." (Notice ¶ 18.) Specifically, SeedInvest Technology "is a limited liability company organized under the laws of New York." ECF No. 28, ¶ 1. As such, its citizenship is that of its members. *Shanghai Fosun*, 2022 WL 20637787, at *1 ("[A] limited liability company is deemed to be a citizen of each state of which its members are citizens."). SeedInvest Technology's "only member is Moonshine Acquisition, LLC" ("Moonshine"). ECF No. 28, ¶ 2. Moonshine's sole member is StartEngine Crowdfunding, Inc. ("StartEngine"), which is "a Delaware corporation with its principal place of business in California." *Id.* ¶ 3. A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c). StartEngine, and therefore Moonshine and SeedInvest Technology, is therefore a California and Delaware citizen.

### D. The Other Defendants Are Citizens of Ireland, Delaware, and Massachusetts.

As Defendants allege, the other Defendants are each citizens of Ireland, Delaware, and/or Massachusetts. (Notice ¶¶ 14-17.) Specifically, Defendants' corporate and diversity jurisdiction disclosure statements state as follows:

Circle "is a private company limited by shares incorporated in Ireland with its principal place of business in Ireland." ECF No. 32, ¶ 2. Therefore, Circle "has Irish citizenship for purposes of diversity jurisdiction." *Id.*

Pluto, is a "limited liability company" with its "sole member" being "Circle Internet Holdings, Inc." ECF No. 29 ¶ 2. Circle Internet Holdings, Inc. "is a corporation incorporated in Delaware with its principal place of business in Massachusetts." *Id.* Therefore, "Pluto Holdings, LLC has Delaware and Massachusetts citizenship for purposes of diversity jurisdiction." *Id.*

SI Securities, is a "limited liability company" with its "only member" being "Pluto Holdings, LLC," and so has the same citizenship as Pluto. ECF No. 30 ¶ 2. Therefore, "SI Securities, LLC has Delaware and Massachusetts citizenship for purposes of diversity jurisdiction." *Id.*

SI Advisors likewise is a "limited liability company" with its "only member" being "Pluto Holdings, LLC," and so has the same citizenship as Pluto. ECF No. 31 ¶ 2. Therefore, "SI Advisors I, LLC has Delaware and Massachusetts citizenship for purposes of diversity jurisdiction." *Id.*

### E. There Is No Complete Diversity.

As relevant here, federal courts only have diversity jurisdiction when "there is no plaintiff and no defendant who are citizens of the same state." *Wis. Dep't of Corr.* v. *Schacht*, 524 U.S. 381, 388 (1998). Here, Plaintiffs FTP LP and FTP Securities are citizens of California, Delaware, and Florida. Defendant SeedInvest Technology is a citizen of California and Delaware. And Defendants Pluto, SI Securities, and SI Advisors are citizens of Delaware and Massachusetts. Because there are California and Delaware citizens on both sides, there is no complete diversity.

This case must therefore be remanded to the New York Supreme Court. *See Gross* v. *Home Depot U.S.A., Inc.*, 386 F. Supp. 2d 296, 299 (S.D.N.Y. 2005) ("Since Buchanan's citizenship in New York destroys the complete diversity necessary for diversity jurisdiction, Plaintiff's motion to remand must be granted and this court need not, and must not, decide Defendants' motion to dismiss.").

-15-

## CONCLUSION

For the reasons stated, this action must be remanded to the New York Supreme Court.

Dated: New York, New York
August 8, 2024

*Matthew A. Schwartz*
———————————————
Matthew A. Schwartz
Benjamin R. Walker
Christopher M. Weldon
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
schwartzmatthew@sullcrom.com
walkerb@sullcrom.com
weldonc@sullcrom.com

*Attorneys for Plaintiffs Financial Technology Partners L.P. and FTP Securities LLC*

-16-