# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 8, 2024

By ECF

Honorable Victor Marrero
    United States District Judge
        Southern District of New York
            500 Pearl Street, Suite 1610
                New York, NY 10007.

          Re:    *Fin. Tech. Partners LP et al.* v. *Circle Internet Fin. Ltd. et al.*, No. 24-cv-4717 (VM) (SDA)

Dear Judge Marrero:

      I write in response to Defendants' October 3, 2024 notice of supplemental authority. (*See* Doc. No. 59.) Contrary to Defendants' notice, the Second Circuit's recent summary order in *Rowe Plastic Surgery of New Jersey, L.L.C.* v. *Aetna Life Ins. Co.*, 2024 WL 4315128 (2d Cir. Sept. 27, 2024), provides no support for Defendants' fraudulent joinder argument.

      *First*, the facts of *Rowe* bear no resemblance to the facts here. *Rowe* held that physicians were unable to state unjust enrichment claims against their patient's insurance company because their "allegations do not show how [the insurance company, as opposed to the patient] benefitted from their services." 2024 WL 4315128, at *3. By contrast, FT Partners alleges that the relevant agreement specified that it was on behalf of the Circle Subsidiaries and that FT Partners worked "for" and benefitted the Circle Subsidiaries. (*E.g.*, Compl. ¶¶ 263, 274, 283.)

      *Second*, although *Rowe* observed in a footnote that "the requirement that the services be provided at the request of the defendant" applies to all unjust enrichment claims and not just those where the basis of recovery is *quantum meruit*, 2024 WL 4315128, at *4 n.4, that analysis does not apply here because the agreement was signed on behalf of the Circle Subsidiaries. Even if this analysis were relevant, the Second Circuit based it exclusively on the principle that a court "'may analyze quantum meruit and unjust enrichment claims together as a single quasi contract claim,'" *id.* (quoting *Mid-Hudson Catskill Rural Migrant Ministry, Inc.* v. *Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005)), which does not mean that *quantum meruit* and unjust enrichment theories have the same requirements. Indeed, *Mid-Hudson* does not even mention a requirement that the

The Honorable Victor Marrero                                                                                                          -2-

services be provided at the request of the defendant.  And, post-*Mid-Hudson* authority from the Appellate Division confirms that when a plaintiff "d[oes] not plead a quantum meruit theory," they are "not required to plead that they performed services for the defendants" in order to state an unjust enrichment claim.  *Monex Fin. Servs., Ltd.* v. *Dynamic Currency Conversion, Inc.*, 62 A.D.3d 675, 676 (2d Dep't 2009).

*Finally*, in light of this contrary Appellate Division authority, the most *Rowe* could establish is that New York law is ambiguous as to whether an unjust enrichment claim (which does not sound in *quantum meruit*) is viable when the defendant did not specifically request the services at issue.  But for Defendants to prevail on their fraudulent joinder argument, they must show that FT Partners has "no possibility" of asserting claims against the Circle Subsidiaries "with all factual and legal ambiguities resolved in favor of plaintiff."  *Briarpatch Ltd., L.P* v. *Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).  Thus, even if Defendants have shown that New York law is ambiguous, that is of no help to them.

Sincerely,

/s/ *Matthew A. Schwartz*
Matthew A. Schwartz

cc: All counsel of record (via ECF)