**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FINANCIAL TECHNOLOGY
PARTNERS LP AND FTP
SECURITIES LLC,

<em>Plaintiffs</em>,

v.

CIRCLE INTERNET FINANCIAL
LIMITED,

<em>Defendant</em>.

Case No. 24 Civ. 4717 (VM)

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**CIRCLE'S PARTIAL MOTION TO DISMISS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

    A.    Circle and FT enter the Circle Agreement ............................................. 2

    B.    Circle and FT enter the SeedInvest Agreement ................................... 3

    C.    Circle terminates the Circle and SeedInvest Agreements ................... 3

    D.    FT sues Circle and the Circle Subsidiaries ........................................... 4

    E.    The Court denies FT's motion to remand and dismisses the
        Circle Subsidiaries ................................................................................ 5

LEGAL STANDARD ......................................................................................... 6

ARGUMENT ...................................................................................................... 6

I.    FT's claim for declaratory judgment (Count One) is duplicative of its
    claim for breach of contract and should be dismissed. ................................. 6

    A.    Courts routinely dismiss duplicative claims for
        declaratory relief. ................................................................................. 7

    B.    FT's claim for declaratory judgment is duplicative of its
        contract claim. ...................................................................................... 8

        1.    FT's claim for declaratory judgment would neither serve a
            useful purpose nor offer relief from uncertainty. ........................ 9

        2.    FT's contract claim provides the better and more
            effective remedy. ........................................................................ 11

        3.    No countervailing interest weighs against dismissal. .............. 14

II.    The implied-covenant claims (Counts Four and Five) should be
    dismissed as impermissibly duplicative of the contract claims. ................... 15

III.    The Agreements preclude FT's unjust-enrichment claims (Counts Six
    and Seven). ................................................................................................... 18

CONCLUSION ................................................................................................... 20

i

## TABLE OF AUTHORITIES

**Cases**

*Admiral Ins. Co. v. Niagara Transformer Corp.*,
    57 F.4th 85 (2d Cir. 2023) ...................................................................... *passim*

*Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*,
    637 F. Supp. 2d 185 (S.D.N.Y. 2009) ............................................. 19, 20

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................. 6

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006) ................................................................. 18

*C Fink Fam. Tr. ex rel. Landau v. Am. Gen. Life Ins. Co.*,
    No. 10 Civ. 9230 (JSR), 2011 WL 1453793 (S.D.N.Y. Apr. 7, 2011) ....................... 7

*Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*,
    No. 20 Civ. 6679 (AKH), 2021 WL 2941843 (S.D.N.Y. July 12, 2021) .................. 11

*Chiykowski v. Goldner*,
    No. 19 Civ. 2272 (AJN), 2020 WL 2834225 (S.D.N.Y. May 31, 2020)............. 11, 12

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
    516 N.E.2d 190 (N.Y. 1987) ................................................................ 19

*Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.*,
    No. 14 Civ. 7483 (MKB), 2017 WL 3432073 (E.D.N.Y. Aug. 8, 2017)..................... 8

*Cruz v. FXDirectDealer, LLC*,
    720 F.3d 115 (2d Cir. 2013)................................................................ 15

*Crye Precision LLC v. Bennettsville Printing*,
    No. 15 Civ. 221 (FB) (RER), 2017 WL 4325817 (E.D.N.Y. Sept. 27, 2017),
    *aff'd*, 755 F. App'x 34 (2d Cir. 2018) ....................................................... 14

*DD 11th Ave. LLC v. Travelers Prop. Cas. Co. of Am.*,
    No. 12 Civ. 3673 (CM), 2013 WL 12618565 (S.D.N.Y. Jan. 2, 2013) ..................... 7

*George Town Assocs. S.A. v. Abakan, Inc.*,
    No. 15 Civ. 3435 (DLC), 2015 WL 4923040 (S.D.N.Y. Aug. 18, 2015) .................. 18

*Golub Cap. LLC v. NB Alternatives Advisers LLC,*
  No. 21 Civ. 3991 (LJL), 2022 WL 540653 (S.D.N.Y. Feb. 22, 2022) ........................ 6

*Harris v. Provident Life & Acc. Ins. Co.,*
  310 F.3d 73 (2d Cir. 2002) ...................................................................................... 15

*Honeywell Int'l Inc. v. Ecoer Inc.,*
  No. 24 Civ. 1464 (PAE), 2024 WL 3521591 (S.D.N.Y. July 23, 2024) .................... 10

*JN Contemp. Art LLC v. Phillips Auctioneers LLC,*
  29 F.4th 118 (2d Cir. 2022) .............................................................................. 15, 17

*JN Contemp. Art LLC v. Phillips Auctioneers LLC,*
  507 F. Supp. 3d 490 (S.D.N.Y. 2020), *aff'd,* 29 F.4th 118 (2d Cir. 2022) ......... 16, 17

*Karmilowicz v. Hartford Fin. Servs. Grp., Inc.,*
  494 F. App'x 153 (2d Cir. 2012) .................................................................... 2, 6, 19

*Lim v. Radish Media Inc.,*
  No. 22-1610, 2023 WL 2440160 (2d Cir. Mar. 10, 2023) .................................... 8, 9

*Lucente v. Int'l Bus. Machs. Corp.,*
  310 F.3d 243 (2d Cir. 2002) ............................................................................. 13, 14

*Miramax Film Corp. v. Abraham,*
  No. 01 Civ. 5202 (GBD), 2003 WL 22832384 (S.D.N.Y. Nov. 25, 2003) ................ 10

*Novartis Pharma AG v. Incyte Corp.,*
  No. 20 Civ. 400 (GHW), 2024 WL 3610438 (S.D.N.Y. July 29, 2024) ............. 11, 12

*Optanix, Inc. v. Alorica Inc.,*
  No. 20 Civ. 09660 (GHW), 2021 WL 2810060 (S.D.N.Y. July 6, 2021) .................. 10

*Phillips 66 Co. v. Marine Petrobulk Ltd.,*
  No. 23-14-CV, 2023 WL 8800718 (2d Cir. Dec. 20, 2023) ................................. 17, 20

*Rothman v. Gregor,*
  220 F.3d 81 (2d Cir. 2000) ...................................................................................... 6

*Seven Hanover Assocs., LLC v. Jones Lang Lasalle Ams., Inc.,*
  No. 04 Civ. 4143 (PAC), 2008 WL 464337 (S.D.N.Y. Feb. 19, 2008) ..................... 19

*StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.,*
  No. 22 Civ. 7515 (AT), 2024 WL 125574 (S.D.N.Y. Jan. 11, 2024) ......................... 8

*Talkdesk, Inc. v. Unique Travel Corp.,*
  No. 23 Civ. 9543 (JPC), 2024 WL 4904684 (S.D.N.Y. Nov. 27, 2024) ........... *passim*

*Times Mirror Mags., Inc. v. Field & Stream Licenses Co.,*
    294 F.3d 383 (2d Cir. 2002) .................................................................. 18

*Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC,*
    No. 16 Civ. 6370 (SJF) (AYS), 2017 WL 6729854 (E.D.N.Y. Oct. 31, 2017),
    *aff'd*, 736 F. App'x 274 (2d Cir. 2018) .................................................... 11

**Other Authorities**

17A Am. Jur. 2d Contracts § 713 .............................................................. 13

**Rules**

Fed. R. Civ. P. 8 ........................................................................................ 6

Fed. R. Civ. P. 12 ...................................................................................... 6

## INTRODUCTION

This case concerns a pair of written agreements between Circle Internet Financial Limited ("Circle") and its former financial advisor, Financial Technology Partners LP, and its affiliate FTP Securities LLC (together, "FT"). Circle terminated both agreements by their terms in 2022. Over the next two years, FT tried to extract tens of millions of dollars from Circle for transactions that happened after Circle terminated the agreements. FT filed this lawsuit when those efforts were unsuccessful.

FT asserts two counts for breach of contract against Circle, one corresponding to each of the parties' two contracts. Both rest on the allegation that Circle breached the parties' agreements by terminating the contracts and refusing to pay FT fees on subsequent transactions. While Circle maintains that it properly terminated each agreement and does not owe FT anything further, the contract claims are the proper vehicle for litigation of those issues, and Circle does not move to dismiss those claims. FT's assortment of other claims, however, should be dismissed.

First, the Court should dismiss FT's claim for declaratory judgment. That claim turns on the allegation that Circle invalidly terminated one agreement at issue, the same allegation at the heart of FT's corresponding claim for breach of contract and this entire case. Because the contract claim will fully resolve that issue and leave no purpose for declaratory relief, the Court should dismiss FT's claim for declaratory judgment, just as courts routinely do in similar circumstances.

The Court should likewise dismiss FT's claims for breach of the implied covenant. Those claims rest on the same alleged conduct as the contract claims and

1

seek no unique damages. As a result, the covenant claims cannot proceed, as the Court recognized in dismissing the one covenant claim that FT had also asserted against now-dismissed Circle subsidiaries.

Finally, the Court should dismiss FT's claims for unjust enrichment. The parties' contracts govern the subject matter of those claims and preclude any recovery for unjust enrichment.

## BACKGROUND

### A.    Circle and FT enter the Circle Agreement

In July 2020, Circle and FT entered into an agreement for FT to serve as Circle's financial advisor. *See* Dkt. 40 ("Am. Compl."), Ex. A (the "Circle Agreement").[1]

Under that contract, FT was to provide Circle with "financial advice and assistance in connection with potential Transactions." *Id.* § 1. The agreement defines "Transactions" as the "consummation of either of a Company Sale or a Capital Raise." *Id.*, Annex B. Beyond advising on Transactions, FT would also provide Circle "any other advisory and investment banking services [that Circle and FT] mutually deem appropriate." *Id.* § 1. In exchange for FT's services, Circle

---

[1] Circle draws these factual allegations from the Amended Complaint "together with any statements or documents incorporated in it by reference, as well as documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Karmilowicz v. Hartford Fin. Servs. Grp., Inc.*, 494 F. App'x 153, 156 (2d Cir. 2012) (summary order) (cleaned up). Circle treats these allegations as true for this motion but reserves all rights to contest FT's representation of the facts.

2

agreed to pay FT a quarterly retainer and a fee for any Transaction. *Id.* § 2(a)–(b). If FT assisted Circle on a transaction other than the Transactions defined by the contract, the parties agreed they would "negotiate in good faith the appropriate compensation for FT . . . ." *Id.* § 2(d).

The Circle Agreement specifies certain circumstances under which the agreement would terminate. Among them, Circle could "immediately terminate" the contract if its Board of Directors were to determine in good faith, and so notify FT, that there was "Good Reason" for termination. *Id.* § 6. The Circle Agreement defines Good Reason and specifies the fees, if any, Circle would owe after termination. *Id.*

### B.    Circle and FT enter the SeedInvest Agreement

Several months after entering the Circle Agreement, Circle and FT signed a second contract related to potential transactions involving certain current and former subsidiaries of Circle (the "Circle Subsidiaries"). *See* Am. Compl., Ex. B ("SeedInvest Agreement" and together with the Circle Agreement, the "Agreements"). The SeedInvest Agreement has similar terms as the Circle Agreement and provides Circle with identical termination rights. *Id.* § 6.

### C.    Circle terminates the Circle and SeedInvest Agreements

The relationship between Circle and FT soured within a year, after FT demanded a fee of nearly $400 million for Circle's planned transaction with a SPAC. Am. Compl. ¶¶ 158, 169–72. Circle disputed that the transaction constituted a Transaction under the Circle Agreement or triggered the massive fee FT demanded, *see, e.g.*, *id.* ¶ 25; informed FT that its conduct was threatening Circle's ability to consummate the transaction, *see, e.g.*, *id.* ¶ 169; and restricted FT's further work for

3

Circle, *see, e.g.*, *id.* ¶¶ 181–82. With the parties' dispute unresolved, Circle later notified FT that it was terminating both Agreements for Good Reason. *Id.* ¶¶ 230, 267.

### D.    FT sues Circle and the Circle Subsidiaries

In May 2024, FT sued Circle and the Circle Subsidiaries in New York state court, Dkt. 1 ¶ 1, and later amended its complaint, *see* Am. Compl. Per the contracts' choice-of-law provisions, FT brought its claims under New York law. *See* Circle Agreement § 8; SeedInvest Agreement § 8; Am. Compl. ¶¶ 77, 112.

The Amended Complaint pleads two counts for breach of contract against Circle, one count corresponding to each of the two Agreements. *See id.* ¶¶ 316–23 (Count Two, alleging breach of the Circle Agreement); ¶¶ 324–28 (Count Three, alleging breach of the SeedInvest Agreement). FT alleges that Circle breached both Agreements by "purport[ing] to terminate" them "without Good Reason" and "refusing to pay" fees that would have been due had the Agreements not been terminated, *id.* ¶¶ 319, 327, and further, that Circle's alleged conduct constitutes "an anticipatory breach" of each Agreement, *id.* ¶¶ 293, 319(e). FT seeks damages for these alleged contractual breaches.[2]

---

[2] Am. Compl. ¶ 320 ("As a direct and proximate result of Circle's breaches of [the Circle Agreement], FT Partners has been damaged. These breaches are ongoing and FT Partners continues to suffer damage as a result."); *id.* ¶ 328 (similar, as to the SeedInvest Agreement); *see also id.* at pp.105–06 ¶¶ b–e (seeking damages for unpaid fees following termination); *id.* at p.106 ¶ f (seeking "[d]amages for Circle's other breaches of the Circle Agreement"); *id.* at p.106 ¶ l (seeking damages for "lost profits from future business opportunities"); *id.* ¶ 45 (alleging that FT is suing for damages "for Circle's past and continuing breaches of the Circle Agreement"); *id.*

The Amended Complaint includes an assortment of other claims against Circle, all predicated on the same conduct as the contract claims. Count One is a claim for declaratory judgment, alleging that Circle's termination of the Circle Agreement was counter to the contract's terms and seeking a declaration that the agreement "has been and remains in full force and effect." *Id.* ¶ 315. FT also asserts claims for breach of the implied covenant of good faith and fair dealing (Counts Four and Five) and unjust enrichment (Counts Six and Seven), again with separate counts corresponding to each of the two Agreements. *Id.* ¶¶ 329–54. As to the covenant claims, FT contends that Circle breached the covenant by terminating the Agreements and refusing to pay FT fees it claims it was owed under each Agreement. *Id.* ¶¶ 330–33, 336–39. Regarding unjust-enrichment, FT alleges that Circle was unjustly enriched by receiving "the benefit of FT Partners' advisory services without payment to FT Partners." *Id.* ¶¶ 342–47, 349–54.

### E.    The Court denies FT's motion to remand and dismisses the Circle Subsidiaries

After defendants removed to this Court, FT moved to remand, arguing that the citizenship of the Circle Subsidiaries stripped this Court of diversity jurisdiction. Dkt. 42-1. The Court denied the motion, holding that FT had fraudulently joined the Circle Subsidiaries and that diversity jurisdiction otherwise exists between Circle and FT. Dkt. 61 ("MTR Order") at 9–20. The Court also

---

¶ 229 (alleging that "Circle's breaches of the Circle Agreement have damaged FT Partners by preventing FT Partners from realizing the benefits of the parties' bargain").

dismissed the Circle Subsidiaries. *Id.* at 20. After the Court's order, the parties exchanged letters about Circle's planned motion to partially dismiss the Amended Complaint, *see* Dkt. 66, and the Court ordered full briefing on the motion at Circle's request, *see* Dkt. 71.

## LEGAL STANDARD

Federal Rules of Civil Procedure 8 (a)(2) and 12 (b)(6) control this motion. These rules require a plaintiff to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A plaintiff must plead facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court may consider both the Amended Complaint and the Agreements. *See Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). Where FT's allegations contradict the Agreements, the Agreements control. *See Karmilowicz*, 494 F. App'x at 156; *Golub Cap. LLC v. NB Alternatives Advisers LLC*, No. 21 Civ. 3991 (LJL), 2022 WL 540653, at *8 (S.D.N.Y. Feb. 22, 2022).

## ARGUMENT

### I.  FT's claim for declaratory judgment (Count One) is duplicative of its claim for breach of contract and should be dismissed.

Count One seeks a declaration that Circle's termination of the Circle Agreement was invalid and thus ineffective. Whether Circle validly terminated that

agreement will necessarily be resolved through Count Two, FT's claim for breach of the Circle Agreement. The Court should therefore dismiss FT's claim for declaratory judgment as duplicative of FT's claim for breach of contract, just as courts routinely dismiss similar claims for declaratory relief.

### A.    Courts routinely dismiss duplicative claims for declaratory relief.

This Court need not entertain a plaintiff's claim for declaratory relief and should not do so when (as here) that claim overlaps with a plaintiff's breach-of-contract claim. Rather, the Declaratory Judgment Act affords district courts "a broad grant of discretion" to refuse to hear such claims, even when declaratory relief could serve some purpose or offer some relief from uncertainty. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96, 99–100 (2d Cir. 2023) (quotations omitted).[3] The Second Circuit has identified six potentially relevant factors for a district court to consider in deciding whether to hear a claim for declaratory judgment:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal

---

[3] Because the Declaratory Judgment Act is procedural, it applies in this action "removed to federal court pursuant to the Court's diversity jurisdiction." *C Fink Fam. Tr. ex rel. Landau v. Am. Gen. Life Ins. Co.*, No. 10 Civ. 9230 (JSR), 2011 WL 1453793, at *3 & n.1 (S.D.N.Y. Apr. 7, 2011); *see also DD 11th Ave. LLC v. Travelers Prop. Cas. Co. of Am.*, No. 12 Civ. 3673 (CM), 2013 WL 12618565, at *2 (S.D.N.Y. Jan. 2, 2013) (applying federal law in dismissing a declaratory-judgment claim as duplicative of a breach-of-contract claim after removal from state court).

systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Id.* at 99–100 (cleaned up). "[N]o one factor is sufficient, by itself, to mandate that a district court exercise—or decline to exercise—its jurisdiction to issue a declaratory judgment." *Id.* at 100.

Courts in this Circuit "'routinely'" exercise their discretion to "'dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action.'" *StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.*, No. 22 Civ. 7515 (AT), 2024 WL 125574, at *5 (S.D.N.Y. Jan. 11, 2024) (quoting *Com. Lubricants, LLC v. Safety-Kleen Sys., Inc.*, No. 14 Civ. 7483 (MKB), 2017 WL 3432073, at *17 (E.D.N.Y. Aug. 8, 2017) (collecting cases)). That makes sense: resolution of a parallel claim for breach of contract will necessarily resolve "the issues on which Plaintiff seeks declaratory relief." *Lim v. Radish Media Inc.*, No. 22-1610, 2023 WL 2440160, at *2 (2d Cir. Mar. 10, 2023) (summary order) (cleaned up). Under these circumstances—which are present here—there is no need for declaratory relief.

**B.    FT's claim for declaratory judgment is duplicative of its contract claim.**

FT's claim for declaratory judgment merely rehashes its claim for breach of contract. Just as Count Two alleges that Circle breached the Circle Agreement by terminating the contract in violation of Section 6, Am. Compl. ¶ 319(a), Count One seeks a declaration that Circle's termination of the Circle Agreement was ineffective for the same reason, *id.* ¶ 315:

| **Breach-of-Contract Claim (Count Two)** Am. Compl. ¶ 319(a) | **Declaratory-Judgment Claim (Count One)** Am. Compl. ¶ 315 |
|---|---|
| "Circle violated Section 6 of the Circle Agreement when its Board purported to terminate the Circle Agreement: (i) without Good Reason; (ii) without having made a good-faith determination that a Good Reason existed; and (iii) without providing FT Partners sufficient and timely notice of the Good Reason nor any opportunity to cure any purported Good Reason." | "Because Circle's Board: (i) did not have a Good Reason for terminating the Circle Agreement, (ii) did not determine in good faith that such a Good Reason existed, and (iii) did not timely provide FT Partners with a sufficiently detailed notice and a timely opportunity to cure any purported Good Reason, FT Partners is entitled to a declaration that the Circle Agreement has been and remains in full force and effect following Circle's purported termination." |

FT's claim for breach of contract thus subsumes its claim for declaratory judgment. Count One should be dismissed in accordance with the *Admiral Insurance* factors and the overwhelming weight of authority from courts in this Circuit.

> 1. **FT's claim for declaratory judgment would neither serve a useful purpose nor offer relief from uncertainty.**

FT's claim for declaratory judgment turns on whether Circle validly terminated the Circle Agreement. Because that issue will "necessarily have to be decided in the resolution of the breach of contract claim," a declaratory judgment would serve no useful purpose (*Admiral Insurance* factor one) and offer no additional relief from uncertainty (*Admiral Insurance* factor two). *Lim*, 2023 WL 2440160, at *2 (cleaned up); *see, e.g.*, *Talkdesk, Inc. v. Unique Travel Corp.*, No. 23 Civ. 9543 (JPC), 2024 WL 4904684, at *6 (S.D.N.Y. Nov. 27, 2024) (because requested declaration was "a rehash" of plaintiff's contract claim, declaratory relief "would serve no purpose" and clarify no "uncertainty in the parties' legal relations

that would otherwise remain unresolved as part of the breach of contract claim"
(quotations omitted)).

This holds true even though FT seeks a declaration that the contract "has
been and remains in full force and effect," Am. Compl. ¶ 315, and not simply a
declaration that the termination was invalid. Courts dismiss similar claims for
declaratory relief, holding that the contract claim will fully resolve the parties'
contractual rights and obligations and leave no further purpose for declaratory
relief. *See Talkdesk, Inc.*, 2024 WL 4904684, at *6 (dismissing claim for declaratory
judgment that contract remained valid despite defendant's termination because
claim "would serve no purpose" in light of claim that defendant's termination
breached the parties' contract (quotations omitted)); *see also, e.g.*, *Honeywell Int'l
Inc. v. Ecoer Inc.*, No. 24 Civ. 1464 (PAE), 2024 WL 3521591, at *8 (S.D.N.Y. July
23, 2024) (dismissing claim for declaratory judgment that purported termination
was "ineffective" because such a declaration "would not clarify the parties' legal
relations in any way that will not already be accomplished" through plaintiff's claim
that defendant's termination breached the contract); *Optanix, Inc. v. Alorica Inc.*,
No. 20 Civ. 09660 (GHW), 2021 WL 2810060, at *4 (S.D.N.Y. July 6, 2021) (holding
that claim seeking a declaratory judgment that the parties' contracts remain "active
and enforceable" would serve no useful purpose because the court would "analyze
the parties' rights and obligations" in resolving the related contract claim
(quotations omitted)); *Miramax Film Corp. v. Abraham*, No. 01 Civ. 5202 (GBD),
2003 WL 22832384, at *15 (S.D.N.Y. Nov. 25, 2003) (dismissing claim for

declaration that plaintiff's contract rights "remain in full force and effect" because "[t]he lawfulness of defendants' actions will be determined by resolution of the contract claim" and thus "declaratory relief will serve no useful purpose").

### 2.    FT's contract claim provides the better and more effective remedy.

Assuming FT can establish that Circle's termination of the Circle Agreement violated the contract's terms, FT's contract claim allows for damages, which is a better or more effective remedy (*Admiral Insurance* factor five). Through its contract claim, FT seeks damages for Circle's alleged breaches of the Circle Agreement, including Circle's purportedly improper termination of the agreement. *See supra* at 4 & n.2. Because FT has "already invoked its right to a coercive remedy," declaratory relief is "unnecessary" and "inappropriate." *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, No. 16 Civ. 6370 (SJF) (AYS), 2017 WL 6729854, at *11 (E.D.N.Y. Oct. 31, 2017) (quotations omitted), *aff'd*, 736 F. App'x 274 (2d Cir. 2018) (summary order); *see also, e.g.*, *Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*, No. 20 Civ. 6679 (AKH), 2021 WL 2941843, at *4 (S.D.N.Y. July 12, 2021); *Talkdesk*, 2024 WL 4904684, at *6 ("[G]iven the damages available through the breach of contract claim, there exists a better or more effective remedy at hand." (quotations omitted)).

FT appears poised to argue that its claim for declaratory judgment must proceed because it seeks different relief from its contract claim. Dkt. 68 ("FT Ltr.") at 2 (citing *Chiykowski v. Goldner*, No. 19 Civ. 2272 (AJN), 2020 WL 2834225, at *4 (S.D.N.Y. May 31, 2020) and *Novartis Pharma AG v. Incyte Corp.*, No. 20 Civ. 400

(GHW), 2024 WL 3610438, at *61–*62 (S.D.N.Y. July 29, 2024)). But both claims

seek relief for Circle's allegedly invalid termination of the Circle Agreement—Count

Two seeks damages for the termination and Count One seeks a declaration

regarding its effect. FT's case thus bears no resemblance to the cases it relies on to

oppose dismissal. *See Chiykowski*, 2020 WL 2834225, at *4 (claim for declaratory

judgment not duplicative because it concerned the parties' contractual rights as to

works not at issue in plaintiff's contract claim); *Novartis Pharma AG*, 2024 WL

3610438, at *61–*62 (claim for declaratory judgment not duplicative because it

sought a determination of the defendant's obligations as to future royalty payments,

and resolving plaintiff's contract claim for past royalties would not settle that

issue).

Furthermore, while FT's contract remedies differ from the declaration FT

seeks, that cannot weigh against dismissal because the declaration FT seeks is

unavailable to it. This is just what the court held in *Talkdesk, Inc. v. Unique Travel

Corp.*, No. 23 Civ. 9543 (JPC), 2024 WL 4904684 (S.D.N.Y. Nov. 27, 2024), in nearly

the same circumstances. In *Talkdesk*, the plaintiff asserted a claim for declaratory

judgment that the parties' agreement "remain[ed] valid and enforceable" despite the

defendant's termination of the agreement, as well as a claim for anticipatory breach

of contract based on the defendant's refusal to perform. *Id.* at *3, *6. The court

granted dismissal of the declaratory judgment claim. Not only was that claim a

"rehash" of the claim for anticipatory breach, but "given [the defendant's] alleged

repudiation and [the plaintiff]'s treatment of that repudiation as a breach of

contract, the *only* remaining clarification that can be given is a determination of breach of contract liability and damages." *Id.* at *6 (emphasis added)*; see also id.* at *3 (explaining that, under New York law, once a party "elect[s] to treat [a] repudiation as an anticipatory breach and seek damages for breach of contract," that election "*terminat[es] the contractual relation between the parties*" (quotations omitted and emphasis added)).

The same principle applies here. FT claims that Circle breached the Circle Agreement by "purport[ing] to" terminate the contract and "committed an anticipatory breach" of contract by "stating that it would not pay" future fees to FT. Am. Compl. ¶ 319(a), (e). Faced with this alleged repudiation, FT had "two mutually exclusive options": either "elect to treat the repudiation as an anticipatory breach and seek damages for breach of contract, thereby terminating the contractual relation between the parties" or "continue to treat the contract as valid and await the designated time for performance before bringing suit." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (applying New York law). By suing Circle for damages allegedly arising from Circle's "purported" termination of the contract and its "stat[ement] that it would not pay" future fees under the contract, FT chose the first option. *See id.* at 259 (holding that the "foremost" evidence of plaintiff's election to treat alleged repudiation as a breach was plaintiff's allegation in complaint that alleged repudiation was a "breach of contract that entitled [plaintiff] to damages"); *see also* 17A Am. Jur. 2d Contracts § 713 ("The bringing of a suit is sufficient to treat the repudiation of a contract as a breach."). That election

13

terminated the contract, to the extent anything was left to terminate, and "cannot be changed." *Lucente*, 310 F.3d at 259. Thus, just as in *Talkdesk*, FT's choice to sue for anticipatory breach of contract precludes any declaration that the contract remains in effect: "the only remaining clarification that can be given is a determination of breach of contract liability and damages." *Talkdesk*, 2024 WL 4904684, at *6.

### 3. No countervailing interest weighs against dismissal.

The remaining *Admiral Insurance* factors either support dismissal or are irrelevant. Dismissal of the declaratory-judgment claim would serve the sixth factor, judicial efficiency and economy, because the claim would only result in make-work for the Court and the parties. The last two factors—"whether the proposed remedy is being used merely for procedural fencing or a race to res judicata" (factor three) and "whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court" (factor four)—are irrelevant.[4] Every "consideration[] of practicality and wise judicial administration" favors dismissal. *Admiral Ins. Co.*, 57 F.4th at 100 (quotations omitted). The declaratory-judgment claim should be dismissed.

---

[4] If the Court were inclined to consider these factors, they could not outweigh the more significant factors supporting dismissal. *See, e.g.*, *Crye Precision LLC v. Bennettsville Printing*, No. 15 Civ. 221 (FB) (RER), 2017 WL 4325817, at *7 (E.D.N.Y. Sept. 27, 2017) ("[A]lthough there are no concerns regarding procedural fencing or friction between sovereign legal systems, declaratory relief would serve no useful purpose as the legal issues will be resolved by litigation of the breach of contract claim." (quotations omitted)), *aff'd*, 755 F. App'x 34 (2d Cir. 2018) (summary order).

14

**II.    The implied-covenant claims (Counts Four and Five) should be dismissed as impermissibly duplicative of the contract claims.**

As the Court recognized in denying FT's motion to remand, "New York law 'does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.'" MTR Order at 18 (quoting *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002)). "A claim for violation of the covenant survives a motion to dismiss only if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022). FT's implied-covenant claims do not meet these requirements. They rest on the same factual allegations underlying the contract claims, seek identical relief, and must be dismissed. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) ("[W]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant.").

Indeed, the Court has already held that Count Five—the implied-covenant claim tied to the SeedInvest Agreement—is impermissibly "duplicative of the breach of contract claim concerning the SeedInvest Agreement." MTR Order at 18. As the Court explained, "both claims are based on the same factual allegations: that Defendants violated the SeedInvest Agreement by terminating the Agreement, which was not done in good faith, and that Defendants have not paid the

transaction fees for the SeedInvest acquisition." *Id.*[5] The covenant claim against Circle must therefore be dismissed, just as the Court dismissed the same claim as pled against the Circle Subsidiaries.

Count Four, the implied-covenant claim tied to the Circle Agreement, suffers from this same defect. It rests on the same factual allegations as those that underpin FT's companion claim for breach of contract. Both claims concern Circle's termination of the contract and subsequent refusal to pay FT fees that FT claims to be owed. *Compare* Am. Compl. ¶ 319(a) (alleging Circle breached the Circle Agreement by "purport[ing] to terminate" it), *and* ¶ 319(b)–(c), (e) (alleging Circle violated the Circle Agreement "by refusing to pay" fees to FT), *with* ¶ 332 (alleging Circle breached the implied covenant by seeking "to terminate the Circle Agreement"), *and* ¶ 333 (alleging Circle breached the implied covenant by "attempt[ing] to deprive FT Partners of its contractual right to fees" under the Circle Agreement). Count Four is thus impermissibly duplicative of FT's contract claim for the same reasons the Court has already recognized as to Count Five. *See JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 505 (S.D.N.Y. 2020) (claims that a party "pretextually cancelled" an agreement are "not

---

[5] *Compare* Am. Compl. ¶ 327(a) (alleging Circle breached the SeedInvest Agreement by "purporting to terminate" it), *and* ¶ 327(c) (alleging Circle violated the SeedInvest Agreement "by refusing to pay" fees to FT), *with* ¶ 336 (alleging Circle breached the implied covenant by seeking "to terminate the SeedInvest Agreement"), *and* ¶ 339 (alleging Circle breached the implied covenant by "attempt[ing] to deprive FT Partners of its contractual right to [fees]" under the SeedInvest Agreement).

distinct" from contract claims), *aff'd*, 29 F.4th 118 (2d Cir. 2022); *Phillips 66 Co. v. Marine Petrobulk Ltd.*, No. 23-14-CV, 2023 WL 8800718, at *6 (2d Cir. Dec. 20, 2023) (summary order).

FT attempts to revive its covenant claims by arguing that the allegations underlying them "go further" than those underpinning its claims for breach of contract. FT Ltr. at 3. Even were that true (and it is not), "[a] claim for violation of the covenant survives a motion to dismiss only if . . . the relief sought is not intrinsically tied to the damages that flow from the breach of contract." *JN Contemp. Art LLC*, 29 F.4th at 128. Here, FT seeks no relief under the implied-covenant claims that is distinct from the damages that FT seeks on its contract claims. *See* Am. Compl. ¶¶ 333, 339 (alleging that Circle's alleged breaches of the implied covenant "deprive" FT of its "contractual right to fees"); *id.* ¶¶ 319(b)–(c), (e), 327(c) (alleging that Circle's alleged breaches of the Agreements deprive FT of "its agreed-upon" fees). FT does not argue otherwise. *See* FT Ltr. at 2–3.

Nor can FT save its duplicative claims based on the supposition that a dispute may arise over "the meaning of the contract's express terms" or the contention that such a dispute already exists about the required contents of a valid termination notice. FT Ltr. at 2 (quotations omitted). Although a "reasonable dispute" over the meaning of a contract's express terms may sometimes allow a covenant claim to proceed in the alternative to a contract claim, this principle is inapplicable when the plaintiff identifies no such dispute. *JN Contemp. Art LLC*, 507 F. Supp. 3d at 506 (plaintiff "cannot fashion a breach of the implied duty claim

out of a meritless construction of the parties' agreement"). FT identifies none here. FT's covenant claims rest on Circle's termination of the Agreements, not the form of termination notice that Circle sent to FT. There is no allegation that the very "purposes of the contract[s]" would be destroyed unless the notices took the form FT prefers, as would be required to plead a covenant claim. *George Town Assocs. S.A. v. Abakan, Inc.*, No. 15 Civ. 3435 (DLC), 2015 WL 4923040, at *9 (S.D.N.Y. Aug. 18, 2015). In fact, Counts Four and Five make no mention of the termination notices at all. *See* Am. Compl. ¶¶ 329–40. And even if the Amended Complaint contained such allegations, the covenant claims would still fail. If FT's reading of the Agreements is correct, its claim is for an alleged breach of an express contractual provision. If its reading is wrong—and the Agreements do not prescribe the form of termination notice FT prefers—then Circle's right to terminate was not conditioned on providing such notice. Either way, the implied covenant cannot impose an additional, and inconsistent, duty limiting Circle's right to terminate. *See Times Mirror Mags., Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 394–95 (2d Cir. 2002); *George Town Assocs. S.A.*, 2015 WL 4923040, at *9.

## III.    The Agreements preclude FT's unjust-enrichment claims (Counts Six and Seven).

FT's unjust-enrichment claims (Counts Six and Seven) fail because the Agreements govern the same subject matter and thus preclude any claim for unjust enrichment.

An unjust-enrichment claim "is an obligation the law creates *in the absence of any agreement.*" *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*,

*Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (quotations omitted). Under New York law, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). As an example, this Court applied these principles in *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185 (S.D.N.Y. 2009), to hold that an unjust-enrichment claim was "unavailable" when it sought "compensation for the precise services covered by" one agreement and "anticipated" by other agreements. *Id.* at 196–97.

Such is the nature of FT's unjust-enrichment claim here. FT alleges Circle was unjustly enriched because it allegedly benefited from FT's services "without payment" to FT. Am. Compl. ¶¶ 347, 354. But the Agreements govern what payment FT would be due for any services rendered. *See* Circle Agreement §§ 2(b)–(d), 6; SeedInvest Agreement §§ 2(b)–(d), 6. FT maintains that its unjust-enrichment claims may proceed because they seek post-termination fees unavailable under the Agreements. FT Ltr. at 3. The Agreements, however, address what post-termination fees (if any) Circle could owe FT. *See* Circle Agreement § 6 (discussing post-termination "Tail Period" fees applicable in certain limited circumstances); SeedInvest Agreement § 6 (same). FT cannot rewrite those provisions through its unjust-enrichment claims. *See Karmilowicz*, 494 F. App'x at 157 ("Under New York law, quasi-contractual relief is unavailable where as here an express contract covers the subject matter." (cleaned up)); *Seven Hanover Assocs.,*

19

*LLC v. Jones Lang Lasalle Ams., Inc.*, No. 04 Civ. 4143 (PAC), 2008 WL 464337, \*6 (S.D.N.Y. Feb. 19, 2008) (dismissing claim for unjust enrichment of alleged profits that fell outside the contract because "[t]he contracts between Plaintiffs and Defendant contain specific language about compensation, reimbursement, and the nature of the billing relationship"). Because the scope of the Agreements "clearly encompasses" FT's claim for post-termination fees, the Court should dismiss Counts Six and Seven. *Phillips 66 Co.*, 2023 WL 8800718, at \*7; *accord Air Atlanta*, 637 F. Supp. 2d at 196–97.

## CONCLUSION

FT's claims for declaratory judgment, breach of the implied covenant of good faith and fair dealing, and unjust enrichment are duplicative of its breach-of-contract claims and otherwise fail to state a claim. The Court should therefore dismiss Counts One, Four, Five, Six, and Seven.

January 28, 2025

Respectfully submitted,

*/s/ Adam L. Hoeflich*

Adam L. Hoeflich (*Pro Hac Vice*)
Abby M. Mollen (*Pro Hac Vice*)
Joshua P. Ackerman (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com
abby.mollen@bartlitbeck.com
joshua.ackerman@bartlitbeck.com

Eric F. Dement (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3152
eric.dement@bartlitbeck.com

Kevin R. Puvalowski
Christina Karam
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
(212) 370-0330
kpuvalowski@pkbllp.com
ckaram@pkbllp.com

*Counsel for Circle Internet Financial Limited*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of S.D.N.Y. Local Rule 7.1(c) and Individual Rule II(D)(1) because this brief contains 5,425 words, excluding the parts of the brief exempted by S.D.N.Y. Local Rule 7.1(c) and Individual Rule II(D)(1).

This brief complies with the formatting requirements of S.D.N.Y. Local Rule 7.1(b) and Individual Rule II(D)(1) because this brief has been prepared in Microsoft Word for Microsoft 365 using a double-spaced, 12-point font with 1-inch margins.

*/s/Adam L. Hoeflich*
Adam L. Hoeflich

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney certifies that on this day, January 28, 2025, he has filed the foregoing document via the Court's CM/ECF system, which will send notification of the filing to all counsel of record in this action registered with the Court's CM/ECF system.

*/s/ Adam L. Hoeflich*
Adam L. Hoeflich