UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINANCIAL TECHNOLOGY PARTNERS LP AND FTP SECURITIES LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>CIRCLE INTERNET FINANCIAL LIMITED,<br><br>*Defendant*. | Case No. 24 Civ. 4717 (VM) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>CIRCLE'S PARTIAL MOTION TO DISMISS</u>**

## INTRODUCTION

FT's response to Circle's motion distorts the nature of its claims and misinterprets the law that requires dismissal. First, FT tries to justify its duplicative claim for declaratory relief by claiming it seeks "distinct relief" from its contract claim. But both claims turn on and seek relief for Circle's termination of the Circle Agreement. Its claim for a declaratory judgment should therefore be dismissed under a long line of cases that FT makes no effort to address, let alone distinguish. Beyond that, FT's choice to sue Circle for terminating the Circle Agreement is a clear election to treat the contract as terminated, precluding the declaration that FT seeks. FT cannot undo its election with an "I take it back" in a legal brief. Nor is FT's declaration viable merely because Circle has declined to accede to it.

FT's implied-covenant and unjust-enrichment claims fare no better. An implied-covenant claim must be dismissed as duplicative when, as here, a contract claim turns on the same facts or seeks the same damages. And FT's unjust enrichment claims fail because the Agreements govern the subject matter at issue— what fees, if any, are owed post-termination.

## ARGUMENT

**I.     FT offers no reason its declaratory-judgment claim should survive.**

There is no absolute right to declaratory relief in federal court. *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th 106, 114 (2d Cir. 2024) ("[E]ven assuming that all the prerequisites for a declaratory judgment have been met, the DJA confers a discretion on the courts rather than an absolute right

1

upon the litigant." (quotations omitted)); *see also Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d Cir. 2023) (district courts have broad discretion to "refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear" (quotations omitted)). FT does not address, and cannot overcome, the many cases in which courts dismiss claims like Count One. Nor can FT surmount its choice to treat the contract as terminated, which makes dismissal even more appropriate.[1]

### A. Unable to distinguish the cases showing that FT's declaratory-judgment claim is impermissibly duplicative, FT ignores them.

According to FT, the Court must maintain Count One because it seeks "a declaration regarding" termination instead of "damages for the termination." Opp. at 2 (quotations omitted); *id.* at 14–15.

This does not save FT's claim. *Whenever* a party pleads a claim for declaratory relief alongside a parallel contract claim, the two claims seek different things: declaratory relief and a contract remedy. Yet courts "routinely dismiss requests for declaratory judgment when the parties' rights will be adjudicated through a breach of contract claim in the same action." *StandardAero Aviation Holdings, Inc. v. Signature Aviation Ltd.*, No. 22 Civ. 7515 (AT), 2024 WL 125574,

---

[1] Although Circle recognizes that the Court must treat FT's allegations as true at this juncture, the facts will show that FT's version of events is pure fiction. FT is not responsible for Circle's business success. Indeed, FT has done no work for Circle for years. FT nonetheless seeks to obtain massive, unearned fees from Circle, as well as a declaratory judgment that it hopes to bank for someday in the future—whether a year from now, five years from now, or more—to demand even more money from Circle.

2

at *5 (S.D.N.Y. Jan. 11, 2024) (quotations omitted). That is so even when, as here, the plaintiff seeks damages on a contract claim and a declaration that the contract remains in effect. *See, e.g.*, *Optanix, Inc. v. Alorica Inc.*, No. 20 Civ. 09660 (GHW), 2021 WL 2810060, at *4 (S.D.N.Y. July 6, 2021); *Honeywell Int'l Inc. v. Ecoer Inc.*, No. 24 Civ. 1464 (PAE), 2024 WL 3521591, at *8 (S.D.N.Y. July 23, 2024); *Miramax Film Corp. v. Abraham*, No. 01 Civ. 5202 (GBD), 2003 WL 22832384, at *15 (S.D.N.Y. Nov. 25, 2003); *see generally* Dkt. 72-1 ("MTD") at 8, 10–11.

Count One should be dismissed based on this law alone, even if the declaration FT seeks were legally available to it (which it is not, *see infra* § I(B)).[2] Tellingly, FT does not mention, let alone distinguish, any of these cases. FT instead relies on *Novartis Pharma AG v. Incyte Corp.*, No. 20 Civ. 400 (GHW), 2024 WL 3610438 (S.D.N.Y. July 29, 2024), to argue that its requested declaration seeks "distinct relief" and should therefore proceed. Opp. at 14–15.[3] But as Circle

---

[2] Contrary to FT's claim, Circle has not "effectively concede[d] that if its argument that FT Partners terminated the Circle Agreement fails, then so does its argument that the declaratory judgment claim is duplicative." Opp. at 14. FT's election to sue Circle for wrongful termination is an *additional* reason that the *Admiral Insurance* factors favor dismissal, not the only reason. *See* MTD at 6–14. Indeed, none of the cases above depends on the argument that the requested declaration was legally unavailable to the plaintiff because of its election to sue for breach of contract.

[3] The other cases FT cites that decline to dismiss declaratory-judgment claims, *RJ Cap., S.A. v. Lexington Cap. Funding III, Ltd.*, No. 10 Civ. 24 (PGG), 2011 WL 3251554 (S.D.N.Y. July 28, 2011), and *Zurich Am. Ins. Co. v. Paxson Commc'ns Corp.*, No. 03 Civ. 1503 (RJH), 2004 WL 1124631 (S.D.N.Y. May 19, 2004), do not help FT. In *RJ Capital*, the requested declaration addressed an issue that the contract claim would not resolve. *See* 2011 WL 3251554, at *15. *Zurich* predates *Admiral Insurance* and did not consider any of the relevant factors. *See* 2004 WL 1124631, at *2.

3

explained, the contract and declaratory relief claims in *Novartis* targeted separate conduct: the contract claim sought damages for *past* royalties, the declaratory relief sought a declaration regarding the defendant's obligation to pay *future* royalties, and a decision on the former would not resolve the latter. *See* MTD at 11–12. By contrast, FT's contract and declaratory relief claims collapse—both challenge Circle's termination of the Circle Agreement and seek relief for the same.

FT objects that without declaratory relief, it "may be unable" to obtain "effective redress." Opp. at 15–16. FT neglects to acknowledge, however, that it seeks damages for Circle's termination of the Circle Agreement, not just discrete fees for past transactions. *See* Am. Compl. ¶ 319(a), (e); Prayer for Relief (f). While FT may be concerned about its ability to prove those damages, the question under *Admiral Insurance* is whether a better or more effective remedy is "available" to the plaintiff, not whether the plaintiff will ultimately obtain it. *Talkdesk, Inc. v. Unique Travel Corp.*, No. 23 Civ. 9543 (JPC), 2024 WL 4904684, at *6 (S.D.N.Y. Nov. 27, 2024). Indeed, because FT has invoked a coercive remedy for Circle's termination of the contract, a declaratory judgment for the same conduct is "inappropriate." *Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*, No. 20 Civ. 6679 (AKH), 2021 WL 2941843, at *4 (S.D.N.Y. July 12, 2021); *see also* MTD at 11 (collecting cases).

Unable to square its declaratory-judgment claim with the caselaw, FT argues the claim should proceed because Circle declined to stipulate that "if Circle's purported termination breached the Circle Agreement, then the Circle Agreement remains in full force and effect." Opp. at 10 (emphasis omitted). FT offers no

4

support for the proposition that its claim should stand merely because its litigation adversary will not stipulate to the declaratory relief it seeks. The one case FT cites, *Compagnia Importazioni Esportazioni Rapresentanze v. L-3 Commc'ns Corp.*, No. 06 Civ. 3157 (NRB), 2007 WL 2244062 (S.D.N.Y. July 31, 2007), is no help to FT: it neither involved a stipulation nor addressed whether a declaratory-relief claim was impermissibly duplicative.

> B. **FT's election to treat Circle's termination as an anticipatory breach is yet another reason to dismiss.**

The *Admiral Insurance* factors support dismissal for the added reason that FT sued Circle for breach of contract based on its termination of the Circle Agreement—and thus elected to treat the contract as terminated—rendering the declaration FT seeks legally unavailable to it. *See generally* MTD at 12–14; *see Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (explaining that when a non-repudiating party "elect[s] to treat the repudiation as an anticipatory breach and seek damages for breach of contract," that "terminat[es] the contractual relation between the parties"); *Talkdesk*, 2024 WL 4904684, at *6 (dismissing claim for declaratory relief where plaintiff sued for breach of contract based on alleged repudiation).

FT protests that it has not made any election, claiming Circle is "latch[ing] on to a single sentence" in which FT alleges that Circle "committed an anticipatory breach." Opp. at 11. (citing Am. Compl ¶ 319(e)). But as FT acknowledges, the Amended Complaint asserts the "claim that Circle breached the Circle Agreement by purporting to terminate it." Opp. at 2; *see also, e.g.*, Am. Compl. ¶¶ 319(a)–(e). FT

5

does not dispute that it seeks "'damages for the termination,'" Opp. at 2 (quoting MTD at 12), *see* Prayer for Relief (f);[4] it merely argues that it should still be allowed to treat the contract as ongoing for purposes of its desired declaration. This is precisely what New York law forbids. *See Lucente*, 310 F.3d at 258 (holding district court erred in allowing plaintiff to treat cancellation letter as breach of contract for one purpose but anticipatory repudiation that the plaintiff chose to ignore for another).

FT did not have to plead its case this way. Because New York has a six-year statute of limitations, FT could have waited to sue. Or it could have sued for damages for non-payment of past fees allegedly owed, awaited performance as to any future Transactions, and omitted its contract claim based on Circle's termination of the Agreement. By suing for damages on the termination now, FT chose a different course, thereby terminating whatever remained of the Circle Agreement. *See Barton Grp., Inc. v. NCR Corp.*, 796 F. Supp. 2d 473, 501 (S.D.N.Y. 2011) (plaintiff "elected to terminate the [] Contract as a consequence of [defendant]'s breach" when, among other things, plaintiff sued before it "had a basis to estimate its lost commissions" on future sales), *aff'd*, 476 F. App'x 275 (2d Cir.

---

[4] FT argues, instead, that it made no election because it does not seek damages for "future Transactions." Opp. at 11. FT's own brief equivocates on that point. *See* Opp. at 24 (suggesting FT's contract claim may be "to some extent, based on the Transaction fees Circle owes *and will owe FT Partners in the future*" (emphasis added)). But even if true, it is beside the point. What matters is that FT brought a contract claim seeking damages based on Circle's termination of the Circle Agreement, not the specific form of damages FT seeks. *See infra* at 6–7 & n.5.

6

2012) (summary order); *Lucente*, 310 F.3d at 259. That result is the consequence of settled law, not "gamesmanship" by Circle, Opp. at 15, or an attempt by Circle to "engineer" anything, *id.* at 10.[5]

FT also argues the Court cannot resolve whether FT made an election on a motion to dismiss. *See* Opp. at 12 (citing *Marathon Enterprises, Inc. v. Schroter GMBH & Co.*, No. 01 Civ. 0595 (DC), 2003 WL 355238 (S.D.N.Y. Feb. 18, 2003)). But *Marathon* turned on whether *prelitigation* conduct—acceptance of payment— was a binding election, and thus posed a triable fact question inappropriate for resolution by the court. 2003 WL 355238, at *6. By contrast, FT's election is a legal consequence of its choice to sue Circle for breach based on its termination of the Circle Agreement. *See Lucente*, 310 F.3d at 259 (contract claim "[f]irst and foremost" evidence of election); *Talkdesk*, 2024 WL 4904684, at *3, *6 (plaintiff could not seek declaratory judgment that contract was "valid and enforceable" because of complaint's contract claim); *Lake Erie Distributors, Inc. v. Martlet Importing Co.*, 221 A.D.2d 954, 955 (4th Dep't 1995) (commencement of "lawsuit was an objective expression of plaintiff's intent to treat [defendant]'s repudiation as a final breach of the franchise agreement").

---

[5] This is no quirk of New York law. Other jurisdictions likewise recognize that "filing suit for money damages" manifests a plaintiff's "decision to treat the contract as terminated." *W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, No. Civ. 2742 (VCN), 2009 WL 458779, at *5 & n.38 (Del. Ch. Feb. 23, 2009) (collecting cases); *see also, e.g.*, *Perry Cap. LLC v. Mnuchin*, 864 F.3d 591, 632 (D.C. Cir. 2017); *Crown Products Co. v. Cal. Food Products Corp.*, 77 Cal.App.2d 543, 551 (Cal. Ct. App. 1947).

7

Nor can FT escape its election by arguing that it is allowed to pursue alternative forms of relief. *See* MTD at 13–14. FT's argument confuses separate doctrines that "have been lumped together under the election-of-remedies label." 18B Fed. Prac. & Proc. Juris. § 4476 & n.1. One is the anticipatory-repudiation doctrine, which applies when a party declares "his intention not to fulfill a contractual duty." *Lucente*, 310 F.3d at 258. Faced with such conduct, the other party has "two mutually exclusive options": treat the repudiation as an anticipatory breach and sue for damages or treat the contract as continuing and wait for performance. *Id.* As *Lucente* explained, "[o]nce a party has elected a remedy for a particular breach, his choice is binding with respect to that breach and cannot be changed." *Id.* at 258–59.

FT fails to grapple with this doctrine. Instead, FT cites cases involving a separate concept: that, under state and federal pleading standards, a party may sometimes seek inconsistent recoveries and "pursu[e] . . . alternative relief." Opp. at 13–14 (quotations omitted). None of those cases, however, involved the substantive state-law requirement that, after an alleged anticipatory repudiation, the non-repudiating party must make a "mutually exclusive" election either to treat the repudiation as a breach or ignore it and wait for performance. *Lucente*, 310 F.3d at 258–59. Put differently, although parties can sometimes—outside the anticipatory repudiation context—"file[] a complaint with claims for inconsistent remedies" without making a binding election, *see* Opp. at 13 (quoting *Lemus v. Manhattan Car Wash, Inc.*, No. 06 Civ. 15486 (MHD), 2010 WL 4968182, at *11 (S.D.N.Y. Nov. 24,

2010)), that procedural rule does not displace the substantive law of anticipatory repudiation.

Finally, FT cannot now undo its election by "amend[ing] its complaint" or "revok[ing]" its election in a legal brief. Opp. at 12–13. FT already used its matter-of-right amendment, has not sought leave to amend, and cannot "amend its pleading through a brief in opposition to a motion to dismiss." *Bongiorno v. Baquet*, No. 20 Civ. 7288 (LJL), 2021 WL 4311169, at *15 n.14 (S.D.N.Y. Sept. 20, 2021). In any event, FT's election is binding "and cannot be changed." *Lucente*, 310 F.3d at 258–59. Indeed, FT cites *no* anticipatory-repudiation case in which a court either (1) held that the plaintiff could treat a contract as continuing despite suing for contract damages on the alleged repudiation or (2) allowed the non-repudiating party to revoke its election once made.

Ultimately, this case is just like *Talkdesk*, in which the court dismissed a declaratory-judgment claim because the plaintiff treated an allegedly improper termination as a breach of contract. *See* MTD at 12–14. FT tries to distinguish *Talkdesk* by claiming that "the declaration plaintiff sought there was not that the agreement remained in full force and effect." Opp. at 12–13. This is a mischaracterization. *Talkdesk* explains that the plaintiff sought "a declaration that Unique did not validly terminate the Agreement, [and] *that the Agreement is valid and enforceable* . . . ." *Talkdesk*, 2024 WL 4904684, at *6 (emphasis added); *see also id.* at *3 (quoting complaint). There is no sound basis to distinguish *Talkdesk*.

9

## II. FT's implied-covenant claims rest on the same factual allegations and seek the same relief as its contract claims.

New York law does not allow an implied-covenant claim to proceed "when a breach of contract claim, based upon the same facts, is also pled." Dkt. 61 ("MTR Order") at 18 (quotations omitted). FT's implied-covenant claims turn on the same allegations as its contract claims—that Circle violated the Agreements "by terminating" FT and not paying "transaction fees," *id.*; *see* MTD at 16 & n.5—and seek damages that "flow" from those alleged breaches, *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022).

FT insists that its implied covenant claims should survive despite this overlap because Circle supposedly manufactured grounds to terminate the Agreements. Opp. at 18–19. But an implied-covenant claim that a party "pretextually cancelled" an agreement is "not distinct" from a contract claim based on the same facts. *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 507 F. Supp. 3d 490, 505 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 118. Furthermore, here the Agreements' termination provisions include an express requirement of good faith, *see* Circle Agreement § 6; SeedInvest Agreement § 6, which distinguishes this case from those FT cites, *see* Opp. at 18–19, 23. It makes no difference whether FT alleges that Circle manufactured grounds for termination, failed to meet the contractual preconditions for termination, or both. *Contra* Opp. at 23. Both theories center on whether Circle's termination was valid or tainted by bad faith.

FT's other attempts to put daylight between its contract and implied-covenant claims fare no better. It does not matter whether Circle supposedly

10

terminated because FT did not "accept[] a lower fee," Opp. at 22, or if Circle allegedly timed its termination to deny FT "the benefits of its bargain," *id.* at 21–22. Neither the motive for, nor the timing of, termination makes the claims non-duplicative. *See Altruis Grp., LLC v. ProSight Specialty Mgmt. Co., Inc.*, No. 21 Civ. 10757 (MKV), 2023 WL 2242048, at *2 (S.D.N.Y. Feb. 27, 2023) (terminating with "false pretenses and improper motives" does not make implied-covenant claim non-duplicative (cleaned up)).

      FT also protests that the claims should survive because the parties dispute the Agreements' meaning. *See* Opp. at 17–19. But the only disputes FT has identified turn on "the express terms of the agreements." *Times Mirror Mags., Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 394–95 (2d Cir. 2002). If Circle terminated consistent with those terms, then FT "cannot avoid" them "by relying on the implied covenant of good faith and fair dealing." *Id.* at 395. If Circle did not, then the implied covenant adds nothing.

      FT also ignores that its arguments also apply to the now-dismissed Circle Subsidiaries. FT alleged that the Circle Subsidiaries violated the implied covenant (1) "by seeking to terminate," (2) when they "purposely sought to create" the grounds to terminate by trying to "bully FT Partners into accepting a lower fee," and (3) when they terminated "just two months" before announcing a transaction. Am. Compl. ¶¶ 336–38. Those allegations failed, as they should here, because they are "duplicative" of FT's breach of contract claims. MTR Order at 18.

11

Finally, even if the implied-covenant claims rested on different factual allegations and there was a dispute over the contracts' meaning, the claims would still fail because they seek the same damages as the contract claims. An implied-covenant claim is impermissibly duplicative of a contract claim if "the damages sought for both claims would be the same." *JN Contemp.*, 29 F.4th at 128. FT ignores this holding of the Second Circuit, instead citing two cases that precede *JN Contemporary* and one decided a week later that overlooks it, to claim that a court may dismiss a covenant claim only if there is a "risk of redundant recoveries." Opp. at 24. But under *JN Contemporary*, what matters is whether the covenant claim seeks relief *different* from the contract claim. *See* 29 F.4th at 128; *see also Honeywell*, 2024 WL 3521591, at *5 (covenant claim must be dismissed if damages "are intrinsically tied" to contract damages). FT's covenant claims do not.

## III. The Agreements bar FT's unjust-enrichment claims.

A written agreement covering the parties' dispute bars an unjust-enrichment claim. *Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 195 (S.D.N.Y. 2009). Here, FT's unjust-enrichment claims seek fees for post-termination transactions, Opp. at 24–25, a matter addressed by explicit provisions in the Agreements, *see* Circle Agreement § 6; SeedInvest Agreement § 6.

Despite this, FT insists that its claims may proceed by likening them to cases involving contracts that did not—unlike here—cover the issues raised by the unjust-enrichment claims. *See* Opp. at 25–27. FT cannot use unjust enrichment to create an extra-contractual path for post-termination fees. *See Blue Stone Ent. LLC v. AGS CJ Corp.*, No. 20 Civ. 4727 (RA), 2021 WL 918295, at *6 (S.D.N.Y. Mar. 10, 2021)

(distinguishing FT's case law because the claim involved "a dispute plainly covered by a contractual arrangement"), *aff'd*, 2022 WL 760748 (2d Cir. Mar. 14, 2022).

## CONCLUSION

The Court should dismiss Counts One, Four, Five, Six, and Seven.

| | |
|---|---|
| March 14, 2025 | Respectfully submitted,<br><br>*/s/ Adam L. Hoeflich*<br>Adam L. Hoeflich (*Pro Hac Vice*)<br>Abby M. Mollen (*Pro Hac Vice*)<br>Joshua P. Ackerman (*Pro Hac Vice*)<br>BARTLIT BECK LLP<br>54 W. Hubbard Street, Suite 300<br>Chicago, IL 60654<br>(312) 494-4400<br>adam.hoeflich@bartlitbeck.com<br>abby.mollen@bartlitbeck.com<br>joshua.ackerman@bartlitbeck.com<br><br>Eric F. Dement (*Pro Hac Vice*)<br>BARTLIT BECK LLP<br>1801 Wewatta Street, Suite 1200<br>Denver, CO 80202<br>(303) 592-3152<br>eric.dement@bartlitbeck.com<br><br>Kevin R. Puvalowski<br>Christina Karam<br>PETRILLO KLEIN & BOXER LLP<br>655 Third Avenue, 22nd Floor<br>New York, NY 10017<br>(212) 370-0330<br>kpuvalowski@pkbllp.com<br>ckaram@pkbllp.com<br><br>*Counsel for Circle Internet Financial Limited* |

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of S.D.N.Y. Local Rule 7.1(c) and Individual Rule II(D)(1) because this brief contains 3,486 words, excluding the parts of the brief exempted by S.D.N.Y. Local Rule 7.1(c) and Individual Rule II(D)(1).

This brief complies with the formatting requirements of S.D.N.Y. Local Rule 7.1(b) and Individual Rule II(D)(1) because this brief has been prepared in Microsoft Word for Microsoft 365 using a double-spaced, 12-point font with 1-inch margins.

*/s/Adam L. Hoeflich*
Adam L. Hoeflich

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on this day, March 14, 2025, he has filed the foregoing document via the Court's CM/ECF system, which will send notification of the filing to all counsel of record in this action registered with the Court's CM/ECF system.

*/s/ Adam L. Hoeflich*
Adam L. Hoeflich