**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Financial Technology Partners LP et al.,**

**Plaintiffs,**

**-against-**

**Circle Internet Financial Limited,**

**Defendant.**

**1:24-cv-04717 (VM) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference with the parties, and for the reasons stated on the record, it is hereby ORDERED that Defendant's Letter Motion to compel (Def.'s 3/5/26 Ltr. Mot., ECF No. 143) is GRANTED IN PART and DENIED IN PART as follows:

1.  Plaintiffs shall produce documents responsive to Request No. 95, including documents and communications concerning economic harm, defined as harm causing economic loss, and documents and communications concerning the opportunity cost based on resource constraints (*see* Second Am. Compl., ECF No. 117, ¶ 8.) The Court finds that this request is relevant and proportional to the needs of the case.

2.  With respect to Request No. 96, based upon the representation from Plaintiffs' counsel that, after a reasonable investigation, Plaintiffs have no documents regarding projected revenue and profits in connection with the Circle Agreement or the SeedInvest Agreement (the "Agreements"), Defendant's request for such documents is denied as moot without prejudice to serving other document requests related to profitability.

3. Plaintiffs shall produce documents responsive to Request Nos. 85 and 113. The Court finds that these requests are relevant and proportional to the needs of the case.

4. Defendant's request to produce documents in response to Request No. 92(a)-(e) (*see* Def.'s 3/5/26 Ltr. Mot. at 3 n.3) is denied without prejudice. The Court, in its discretion, finds that the requests, as written, are not proportional to the needs of the case. Following depositions or review of other documents produced during discovery, Defendant may tailor its request to seek specific documents if it has a basis to do so.

5. Defendant's motion is denied as moot with respect to Request No. 93 since Plaintiffs have agreed to produce documents responsive to that request.

6. With respect to Request No. 89, on which the Court reserved decision during the telephone conference, the Court finds that the deal status documents pertaining to the Agreements are relevant and not unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C). To the extent these documents contain information regarding other clients, the relevance of which is disputed, the Court finds no reason to depart from the general rule that relevance redactions are improper. *See Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. 2018) ("The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.") (cleaned up) (collecting cases). However, the Court limits, on proportionality grounds, the required production to documents from the two years prior to the termination date.

2

7. The Court finds that Request No. 110 is relevant. However, to account for proportionality concerns, Plaintiffs shall search for documents responsive to Request No. 110 using search terms tied to Plata and "Company Sale" from non-attorney custodians and produce responsive, non-privileged, documents resulting from such search.

**SO ORDERED.**

Dated:    New York, New York
          March 17, 2026

_____
STEWART D. AARON
United States Magistrate Judge