**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
FINANCIAL TECHNOLOGY PARTNERS :
LP AND FTP SECURITIES LLC,       :
                                 :
                    Plaintiffs,  :
         v.                      :
                                 :
CIRCLE INTERNET FINANCIAL        :    No. 1:24-cv-04717-VM-SDA
LIMITED,                         :
                                 :    Judge Victor Marrero
                    Defendant.   :    Magistrate Judge Stewart D. Aaron
                                 :
                                 :    SO ORDERED.
                                 :    Dated: May 29, 2026
--------------------------------------------------------

**AMENDED STIPULATION AND ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties (each a "Party," and collectively, the "Parties") through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.      The term "Discovery Material" shall mean all initial disclosures, documents, testimony, exhibits, interrogatory answers, responses to request for admissions, and any other written, recorded, transcribed or graphic matter or data or anything produced by any Party or non-party to this action, and any copies thereof and all information contained therein.  This Stipulation and Order shall apply to all Discovery Material produced by any Party or non-party to this action or introduced at any deposition, hearing, or trial in this action, all information contained in or derived from Discovery Material, and all copies, transcripts, excerpts, notes and summaries of Discovery Material.

2.     The term "Designating Entity" shall mean the Party, individual, or entity designating given Discovery Material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only.

3.     The term "Producing Entity" shall mean the Party, individual, or entity producing given Discovery Material.

4.     Any Party, or any individual or entity shall have the right to designate Discovery Material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only (together, referred to as "Protected Material" herein) in accordance with the terms of this provision.[1] Material may be designated as Confidential if, in good faith, the Party or individual or entity believes that (a) the material contains non-public, proprietary, commercially sensitive, or personally sensitive financial or other information; (b) the material requires the protections provided in this Stipulation and Order to prevent unreasonable annoyance, expense, embarrassment, disadvantage or prejudice to any person or entity; or (c) the material contains personally identifying information of an individual, including but not limited to social security numbers and financial account numbers.  In the event a Party or non-party produces Protected Material that it reasonably believes would not be adequately protected by designation as Confidential under the terms of this Order, it shall identify such material as Highly Confidential.  A Party or non-party may designate Protected Material as Outside Attorneys' Eyes' Only (i) by consent of the Parties, or (ii) by order of the Court.  A Party also shall have the right to request that Discovery Material produced by another

---

[1]     The Parties agreed that all material exchanged among and between the parties in the course of this litigation pursuant to an agreement that such material would be treated as confidential until a confidentiality order is agreed to shall be governed by this Stipulation and Order as Protected Material designated Confidential.

Party, individual, or entity be designated as Confidential or Highly Confidential so long as such Discovery Material constitutes or contains information belonging to or concerning the Party making that request. A Party shall have the right to request a court order to designate Discovery Material produced by another Party, individual, or entity be designated as Outside Attorneys' Eyes' Only. Information that is publicly available shall not be considered Protected Material. For purposes of this Stipulation and Order, documents produced by parties to regulators or other government authorities under a confidentiality order or statutory confidentiality provision shall not be considered to have lost such confidentiality as a result of such production.

5.     The designation of Discovery Material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only for the purpose of this Stipulation and Order may be made only by the Producing Entity and shall be made in the following manner:

a.     Deposition testimony may be designated either (i) at the deposition, by making a statement on the record at the time of the disclosure and directing the court reporter to affix the legend "Confidential" or "Highly Confidential" or "Outside Attorneys' Eyes' Only" to the first page and all designated portions of the transcript, including all copies thereof, or (ii) within thirty days after delivery of the deposition transcript, a Party shall inform all counsel in writing of such designation with sufficient particularity that the material so designated may be readily identified. Unless otherwise agreed, all deposition transcripts shall be treated as Highly Confidential until the expiration of the thirty-day period.

b.     In the case of interrogatory responses, the Producing Entity shall (i) state in the main body of responses that the interrogatory at issue requests Confidential, Highly

Confidential, or Outside Attorneys' Eyes' Only information; and (ii) affix the legend "Confidential" or "Highly Confidential" or "Outside Attorneys' Eyes' Only" to each page of the interrogatory response that contains Protected Material.

c.      In the case of Discovery Materials produced on CD, DVD or other electronic storage medium, the Producing Entity shall affix the legend "Confidential" or "Highly Confidential" or "Outside Attorneys' Eyes' Only" to such electronic storage medium and each page or unit of material.

d.      In the case of Discovery Materials produced in paper form, the Producing Entity shall affix the legend "Confidential" or "Highly Confidential" or "Outside Attorneys' Eyes' Only" to each page so designated.

6.      Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material may be used only in this litigation, including any ancillary proceeding or appeal, and shall not be used for any other purpose.  This Stipulation and Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation.  The recipients of Protected Material agree to undertake reasonable technical and organizational precautions to preserve the security of the Protected Material to protect it from accidental or unlawful destruction or accidental or unauthorized loss, access, or disclosure.

7.      Except with the prior written consent of the Designating Entity, no Protected Material shall be disclosed to any person except as provided herein.  Protected Material may be disclosed only in accordance with the provisions of this Stipulation and Order.  Protected Material designated as Confidential may be disclosed only to:

a.    The Court, officers of the Court, and Court personnel involved in this action (including court reporters and videographers, any special master or referee appointed by the Court);

b.    Witnesses, deponents or persons whom a party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel, limited however to Protected Material related to such person's testimony or expected testimony;

c.    Each Party and its employees, officers, directors, representatives, general partners, limited partners and affiliates, provided that such persons are directly involved in this litigation or the management thereof;

d.    Each Party's in-house counsel, including non-lawyer employees who exclusively work in the Party's legal department, directly involved in this litigation or the management thereof;

e.    Such former officers, directors, partners, employees and agents of the Parties as counsel in good faith deem necessary to assist with respect to this action;

f.    Each person identified in the Protected Material as an author, intended recipient (including by copy), or person who had access to the Protected Material, in whole or in part;

g.    Court reporters or videographers employed in connection with this litigation;

h.    Outside counsel for the Parties, including legal assistants and other staff working on this matter;

i.    Outside consultants or experts, including necessary staff, retained by a Party or its counsel in connection with this litigation, whether or not retained to testify at trial;

j.    Firms, officers, directors, partners, employees and agents of firms, or persons that have been engaged by the Parties or their counsel for purposes of photocopying, electronic imaging, document storage, graphic design, technical assistance, or other similar litigation support activities in connection with this action; and

k.    Any other person only upon order of the Court or with the written agreement of the Producing Party.

8.    Protected Material designated as Highly Confidential may be disclosed only to persons identified in Paragraphs 7(a), (d), (f), (g), (h), (i), (j), and (k).

9.    Protected Material designated as Outside Attorneys' Eyes' Only may be disclosed only to persons identified in Paragraphs 7(a), (f), (g), (h), (i), (j), and (k).

10.    Each person given access to Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons identified in Paragraphs 7 (e), (i), and (k) to whom a Party provides access to Protected Material, information derived therefrom or any other documents or materials reflecting or disclosing any Protected

Material, shall execute a copy of the certification attached hereto before such access is provided and be advised that he or she will be subject to this Stipulation and Order.

11.    In the event that counsel for any Party determines in its sole discretion that it is necessary to file with the Court any document or other material that contains, refers to, attaches or encloses Protected Material, the following procedures shall be used:

a.    The Parties agree to refrain, to the greatest extent possible, from including Protected Material in the titles of documents filed with the Court so that, in all instances, the titles of such documents – and the Court's docket reflecting those titles – may remain public.

b.    A Party that wishes to file with the Court any document or other material that contains, refers to, attaches or encloses Protected Material shall make such filing under seal by submitting such document or other material to the Court along with a request that it be filed under seal in accordance with this Stipulation and Order.  In the event that any Protected Material is used in any court proceeding in this litigation or any appeal therefrom, said Protected Material shall not lose its status as Confidential through such use.  Counsel shall confer in good faith regarding any additional procedures necessary to protect the confidentiality of such Protected Material used in the course of any court proceedings.

12.    Nothing in this Stipulation and Order shall be or be deemed to be an acknowledgement by any Party that any Discovery Material designated as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only is in fact entitled to such treatment.  A Party shall not be obligated to challenge the propriety of any other Party's designation of Discovery Material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only, and a failure to do so at

the time of the designation shall not preclude any subsequent challenge.  Any Party (the "Disputing Party") may challenge, at any time, the designation of material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only by requesting in writing that the Designating Entity withdraw such designation, setting forth the reasons the Disputing Party believes such documentation or information does not qualify as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only.  The Designating Party and the Disputing Party shall confer in good faith during the ten business days following the Designating Party's receipt of the objection in an effort to resolve the objection.  If such conference is unsuccessful, and if the Designating Entity does not withdraw the designation within five business days after receipt of the initial request to withdraw the designation, the Disputing Party may move the Court at any time thereafter for an order requiring the withdrawal of the designation of the Discovery Material as Confidential, Highly Confidential, or Outside Attorneys' Eyes' Only.  Until such motion is made, the objected-to designation shall remain in effect.  In any such motion, the Designating Entity shall have the burden of demonstrating that the designated material should be protected under the terms of this Stipulation and Order and applicable law.  During the pendency of such motion, the material designated as Confidential, Highly Confidential and/or Outside Attorneys' Eyes' Only shall maintain its protected status unless and until the Parties agree, or the Court orders otherwise.  Should any such motion be filed, the motion shall be filed with the Court under seal.  In the event of an emergency such that the aforementioned time limitations are impracticable and could result in prejudice to the Disputing Party, the Disputing Party may seek from the Court a shortening of the time limitations.

13.    Any person receiving Protected Material shall exercise reasonable care to prevent any disclosure of such Protected Material other than pursuant to the provisions of this Stipulation

and Order.  The Producing Entity's rights and remedies with respect to any disclosure of Protected Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

14.    Protected Material that is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof.  Upon learning of the disclosure of Protected Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Entity, which notice shall include a specific description of the improperly disclosed Protected Material; (ii) give written notice to the recipient of the improperly disclosed Protected Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Entity; (v) make reasonable good faith efforts to retrieve the improperly disclosed Protected Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Entity of the result of such efforts.  The Producing Entity's rights and remedies with respect to any such improper disclosures are hereby reserved.

15.    If any person (the "Recipient") having received Protected Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Protected Material, the Recipient, prior to making any disclosures of Protected Material, shall give notice by hand, electronic mail or facsimile transmission, within five business days of receipt of such subpoena, demand, legal process or

request, to the Producing Entity's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Protected Material take any action against the Recipient to enforce such subpoena, demand, other legal process, or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Protected Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

16.    This Stipulation and Order has no effect upon, and shall not apply to, a Producing Entity's use of its own Protected Material for any purpose. The burden shall be on the Party, individual, or entity asserting that the document, material or information was obtained independently to establish that fact.

17.    Inadvertent or unintentional disclosure of Discovery Material (i) subject to Rule 5.2 of the Federal Rules of Civil Procedure, or (ii) subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or immunity (collectively, "Private/Privileged Material") shall not be deemed a waiver in whole or in part of privacy, privilege, work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter. If a Producing Entity has produced Discovery Material that it subsequently claims is Private/Privileged Material and was inadvertently disclosed, the receiving party (the "Party Receiving Private/Privileged Material"), upon written or oral request, shall promptly return it, including all copies, and promptly destroy any notes or other materials concerning, based on, or derived from it. Upon receipt of the returned materials, the Producing Entity shall preserve intact all such materials pending any challenge to the assertion of the claim of privacy or privilege and

shall promptly provide a written good faith explanation of the basis for the privacy or privilege claim or claim of immunity and for the assertion that it was inadvertently or unintentionally disclosed. If the Party Receiving Private/Privileged Material challenges the claim of inadvertent or unintentional production or the claim of privacy, privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Entity identifying the reason for the challenge. If the parties cannot resolve the dispute, the Party Receiving Private/Privileged Material may move the Court for an appropriate order. The disputed material shall be treated as private/privileged until a ruling on such motion or other resolution of the dispute.

18.    This Stipulation and Order shall survive termination of this litigation. After receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals in which Protected Material may be used, all persons having received Protected Material shall, upon request of the Producing Entity, and within 30 days of such request, make a good faith, commercially reasonable effort to either: (a) return such Protected Material and copies thereof (including summaries and excerpts) to counsel for the Producing Entity; or (b) destroy such Protected Material and certify that fact to the Producing Entity. Outside counsel for the parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including communications or work product containing or incorporating Protected Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person outside his or her law firm, except pursuant to court order or agreement with the Producing Entity. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

19.    No disclosure or production of Discovery Material shall be or shall be deemed to be a waiver of any Party's objection to the use, relevance or admissibility of such material or any claim of confidentiality outside this action.  Nothing in this Stipulation and Order shall affect any Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

20.    Nothing contained in this Stipulation and Order or any designation hereunder or any failure to make such designation shall be used or characterized by any Party as an admission of any kind.  This Stipulation and Order shall not be offered or admitted into evidence at trial or otherwise, except in connection with an application, motion or proceeding relating to the enforcement or application of this Stipulation and Order.

21.    This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.

22.    This Stipulation and Order may be executed in counterparts, which together shall constitute one document.  Any Plaintiff or Defendant added by name to this case after the "so ordering" of this Stipulation and Order shall be bound by it without having to execute it.


Dated: New York, New York
       May 28, 2026
                                        Respectfully submitted,

*/s/ Joshua P. Ackerman*
Sean W. Gallagher (*Pro Hac Vice*)
Abby M. Mollen (*Pro Hac Vice*)
Joshua P. Ackerman (*Pro Hac Vice*)
Nicolas L. Martinez (*Pro Hac Vice*)
Katerina A. Kokkas (*Pro Hac Vice*)
Jacqueline M. O'Brien (*Pro Hac Vice*)
BARTLIT BECK LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
(312) 494-4400
sean.gallagher@bartlit-beck.com
abby.mollen@bartlitbeck.com
joshua.ackerman@bartlitbeck.com
katerina.kokkas@bartlitbeck.com
jackie.obrien@bartlitbeck.com

Eric F. Dement (*Pro Hac Vice*)
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
(303) 592-3152
eric.dement@bartlitbeck.com

Adam L. Hoeflich (*Pro Hac Vice*)
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of The Americas
New York, NY 10019
(212) 373-3000
ahoeflich@paulweiss.com

-13-

Kevin R. Puvalowski
Christina Karam
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
(212) 370-0330
kpuvalowski@pkbllp.com
ckaram@pkbllp.com

*Attorneys for Defendant Circle Internet Financial Limited*

*/s/ Robert A. Sacks*
Robert A. Sacks
Matthew A. Schwartz
Benjamin R. Walker
Christopher M. Weldon
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
sacksr@sullcrom.com
schwartzmatthew@sullcrom.com
walkerb@sullcrom.com
weldonc@sullcrom.com

*Attorneys for Plaintiffs Financial Technology Partners L.P. and FTP Securities LLC*

-14-

-15-

## **CERTIFICATION**

I, _____, a _____ of _____ hereby certify that I have read the attached Amended Stipulation and Order Governing Confidentiality of Discovery Material, filed May 28, 2026.  I hereby agree to be bound by the terms of the Stipulation and Order.

For purposes of enforcing the Stipulation and Order, I further agree that I am subject to the jurisdiction of the United States District Court for the Southern District of New York.  I understand that violation of the Stipulation and Order is punishable as contempt of Court.

Signature: _____          Dated: _____