**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Financial Technology Partners LP et al.,**

**Plaintiffs,**

**-against-**

**Circle Internet Financial Limited,**

**Defendant.**

**1:24-cv-04717 (VM) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by Plaintiffs Financial Technology Partners LP and FTP Securities LLC (collectively, "FTP") to compel Defendant Circle Internet Financial Limited ("Circle") to respond to FTP's Interrogatory Nos. 13 through 24. (Pls.' 7/9/26 Ltr. Mot., ECF No. 191.) For the reasons set forth below, FTP's Letter Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

FTP brought this action against Circle alleging that Circle wrongfully terminated two advisory agreements between the parties and failed to pay FTP various fees as required under those agreements. *See Fin. Tech. Partners LP v. Circle Internet Fin. Ltd.*, No. 24-CV-04717 (VM), 2025 WL 897133, at *1 (S.D.N.Y. Mar. 24, 2025). Discovery currently is ongoing and, under the operative Scheduling Order, fact discovery is due to be completed by July 24, 2026. (4/28/26 Scheduling Order, ECF No. 183, ¶ 1.)

After being served with FTP's Second Set of Interrogatories, Circle served its responses on May 15, 2026. (Def.'s 2d Rog Responses, ECF No. 191-1.) FTP's Second Set of Interrogatories seek the legal and factual bases for a number of Circle's contentions. (*See id.* at 2-54.) Each of the

subject interrogatories asks Circle to "[d]escribe in detail the legal and factual bases for [certain] contention[s], including all documents relied upon in making th[e] assertion[s]." (*Id.* at 2, 6, 8-9, 14, 19, 23, 27, 30, 33, 35, 38, 40, 42, 44, 47, 49, 51, 52-53.) Among other objections, Circle objects to Interrogatory Nos. 13 through 24 on the ground that FTP "has exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1) [*i.e*. 25]."[1] (*Id.* at 29, 32-33, 35, 38, 39-40, 42, 44, 47-49, 51-52, 54.)

On July 9, 2026, FTP moved to compel responses to FTP's Interrogatory Nos. 13 through 24, arguing that it did not violate the 25-interrogatory limit imposed by Federal Rule of Civil Procedure 33 and that, even if it did, it should be permitted to exceed that limit. (*See* Pls.' 7/9/26 Ltr. Mot. at 1-3.) On July 14, 2026, Circle responded, arguing that FTP had exceeded the 25-interrogatory limit and that FTP "forfeited" any argument that Circle's other objections to the subject interrogatories were improper. (Def.'s 7/14/26 Ltr., ECF No. 194, at 1-3.) On July 15, 2026, FTP filed its reply. (Pls.' 7/15/26 Reply, ECF No. 195.)

## LEGAL STANDARDS

The Federal Rules of Civil Procedure include interrogatories among one of the permitted discovery tools. *See* Fed. R. Civ. P. 33. Rule 33(a)(1) governs the number of interrogatories. Rule 33(a)(1) provides:

> Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete

[1] Circle also included this objection among its objections to Interrogatory No. 7 (Def.'s 2d Rog Responses at 3), but this appears to be an error. By Circle's count, FTP would have reached its limit with Interrogatory No. 12. (*See* Ex. 1 to Def.'s 7/14/26 Ltr., ECF No. 194-1, at 1-5 (by adding numbers in right column of Circle's Table, Interrogatory No. 12 contains both the 25th and 26th interrogatories); *see also* Def.'s 2d Rog Responses at 25 ("By serving this Interrogatory, FT has exceeded the number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1). But because this Interrogatory reaches the limit between its two separate interrogatories, Circle will respond to both interrogatories.").)

> subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

Fed. R. Civ. P. 33(a)(1). Rule 26(b)(1), in turn, defines the scope of discovery, as follows: "Unless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).[2] Rule 26(b)(2) authorizes a court to curtail discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

"Courts have held that generally a party must set forth a particularized showing in order to exceed the [25 interrogatory] limit." *Brown v. New York City Dep't of Educ.,* No. 20-CV-02424 (JGLC) (OTW), 2024 WL 4493470, at *1 (S.D.N.Y. Oct. 15, 2024) (quoting *Douglas v. Harry N. Abrams, Inc.*, No. 13-CV-02613 (VSB), 2016 WL 11645646, at *4 (S.D.N.Y. Aug. 23, 2016)); *see also Oakley v. MSG Networks, Inc.*, No. 17-CV-06903 (RJS), 2025 WL 71846, at *2 (S.D.N.Y. Jan. 9, 2025).

---

[2] Rule 33(a)(1) was amended as part of the 2015 Amendments to the Federal Rules "to reflect the recognition of proportionality in Rule 26(b)(1)." Fed. R. Civ. P. 33, 2015 Advisory Committee Note. Prior to the 2015 Amendments, the last sentence of Rule 33(a)(1) stated that a court could grant leave to serve additional interrogatories (beyond the standard limit of 25) "to the extent consistent with Rule 26(b)(2)." *Smith v. Haag*, No. 08-CV-06360 (CJS), 2009 WL 3073976, at *4 (W.D.N.Y. Sept. 22, 2009) (quoting earlier version of Rule 33(a)(1)). When proportionality principles were added to Rule 26(b)(1), the last sentence of Rule 33(a)(1) was amended to provide that leave to serve additional interrogatories could be granted "to the extent consistent with *Rule 26(b)(1) and (2)*." Fed. R. Civ. P. 33(a)(1) (emphasis supplied).

Rule 33(a)(2) governs the scope of interrogatories. Rule 33(a)(2) provides:

> An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2). The Local Civil Rules of this Court provide for the timing of contention interrogatories, stating that "[a]t the conclusion of other discovery, and at least 30 days before the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise." U.S. Dist. Ct. Rules S.& E.D.N.Y., Civil Rule 33.3(c). Thus, both the federal and local rules "permit the use of contention interrogatories, the purpose of which are to assist parties in narrowing and clarifying the disputed issued and reducing the possibility of surprise at trial." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 14-MD-02542 (VSB) (SLC), 2020 WL 6290584, at *3 (S.D.N.Y. Oct. 27, 2020) (cleaned up). Contention interrogatories are proper when they seek "certain principal or material facts, pieces of evidence, witnesses and legal applications" supporting identified allegations. *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).

If a party fails to answer a contention interrogatory, the opposing party may move to compel responses. *See In re Keurig*, 2020 WL 6290584, at *4 (citing Fed. R. Civ. P. 37(a)(3)(B)). "Motions to compel made pursuant to [Rule] 37 are 'entrusted to the sound discretion of the district court.'" *Pegoraro v. Marrero*, 281 F.R.D. 122, 127 (S.D.N.Y. 2012) (quoting *United States v. Sanders,* 211 F.3d 711, 720 (2d Cir. 2000)); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d

201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process.").

**ANALYSIS**

Having carefully reviewed the parties' submissions, the Court agrees with FTP that Interrogatories 7 and 9-24, which ask for the "legal and factual bases" for Circle's contentions, are not impermissibly compound and that any subparts "are logically or factually interwoven and so constitute a single interrogatory request." *Murrell v. Pro Custom Solar LLC*, No. 19-CV-02656 (KAM) (CLP), 2021 WL 12151177, at *2 (E.D.N.Y. Dec. 6, 2021) (citing 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2168.1, at 39-40 (2010) (noting that "an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question")); *see also Ritchie Risk*, 273 F.R.D. at 369 (contention interrogatories "may be acceptable where the subparts are factually interconnected and dependent upon the question posed by the basic interrogatory").

For example, each of Interrogatory Nos. 9 to 11 and 13 to 14 relates to the common theme of whether Circle had a basis to terminate specific agreements based on the criteria set forth in those agreements. (Def.'s 2d Rog Responses at 8-9, 14, 19, 27, 30.) Thus, the Court finds that each of these constitutes a single interrogatory rather than the four that Circle contends. (*See, e.g., id.* at 10.) As FTP points out, Circle's response to an earlier similar interrogatory, before it asserted that FTP had reached the limit of 25, shows that a single unitary response is possible. (*See* Pls.' 7/9/26 Ltr. Mot. at 2; *see also* Def.'s 2d Rog Responses at 9-14 (response to Interrogatory No. 9).) Similarly, the Court finds that Interrogatory No. 18 regarding a contractual

carveout is a single interrogatory, even though it involves four conditions for exclusion, as is Interrogatory No. 20, which relates to a singular Capital Raise. (*See* Pls.' 7/15/26 Reply at 2.)

The Court declines to re-tally all the permissible interrogatories because, even assuming that FTP still has exceeded the 25-interrogatory limit, the Court in its discretion finds that FTP has made a particularized showing that the benefit outweighs the burden on the responding party and that the additional interrogatories are consistent with the principles of Rules 26(b)(1) and (2). (*See* Pls.' 7/15/26 Reply at 3.) In addition, the Court finds that FTP has not forfeited its right to receive responses to its contention interrogatories by limiting its Letter Motion to a single issue. (*See* Def.'s 7/14/26 Ltr. at 3; Pls.' 7/15/26 Reply at 3.) However, that is not the end of the analysis.

As noted by Circle, it asserted other objections, in addition to its objection regarding the number of interrogatories. (*See* Def.'s 7/14/26 Ltr. at 1,3.) With respect to such objections, certain of them appear on their face to be without basis. By way of example, Circle's objection that FTP's interrogatories are improper in seeking the legal bases for the various contentions (*see*, *e.g.*, Def.'s 2d Rog Responses at 10) is not well founded. Rule 33 expressly contemplates contention interrogatories that "relate[] to . . . the application of law to fact." Fed. R. Civ. P. 33(a)(2). Moreover, Circle provided responses to earlier interrogatories "subject to and without waiving" many of the same objections that are asserted regarding FTP's Interrogatory Nos. 13 to 24. (*See, e.g.*, Def.'s 2d Rog Responses at 26-27.) Nonetheless, the Court at this juncture will not issue an Order compelling Circle to respond to FTP's Interrogatory Nos. 13 through 24. Instead, the parties shall meet and confer to address any objections that Circle wishes to assert as a basis for a refusal to respond. If a consensual resolution cannot be reached, then no later than July 24,

2026, the parties shall file a joint letter not to exceed eight pages setting forth the parties' respective positions regarding any such objections.

**CONCLUSION**

By reason of the foregoing, FTP's Letter Motion (ECF No. 191) is GRANTED IN PART and DENIED IN PART. The parties shall meet and confer and, if a consensual resolution cannot be reached, then no later than July 24, 2026, the parties shall file the joint letter referred to above.

**SO ORDERED.**

Dated: New York, New York
July 17, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge