**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Financial Technology Partners LP et al.,**

**Plaintiffs,**

**-against-**

**Circle Internet Financial Limited,**

**Defendant.**

**1:24-cv-04717 (VM) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are four motions to seal documents filed in connection with the parties' briefing on Defendant's September 14, 2026 Letter Motion to compel. (*See* 9/17/26 Jt. Letter Mot. to Seal, ECF Nos. 226/227; 9/23/26 Jt. Letter Mot. to Seal Exs. 8 & 9, ECF Nos. 234/235; 9/23/26 Jt. Letter Mot. to Seal Exs. B, D, and E, ECF Nos. 237/238; 9/26/26 Jt. Letter Mot. to Seal, ECF Nos. 239/240.) For the reasons set forth below, the Letter Motions are GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

**LEGAL STANDARDS**

The common law and the First Amendment accord a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "A court record may be sealed only if closure is essential to protect higher values including privacy interests, financial records, and confidential business information." *Palantir Techs., Inc. v. Jain,* No. 25-CV-08985 (JPO), 2026 WL 622007, at *18 (S.D.N.Y. Mar. 5, 2026) (citing *Lugosch*, 435 F.3d at 119-20, 124). Because the documents at issue here constitute portions of the parties' briefing on motions to compel, "they are clearly 'judicial documents.'" *Felder v. Warner Bros. Discovery, Inc.*, 23-CV-08487 (AT) (GS), 2026 WL 2592941, at *1 (S.D.N.Y. Sept. 2, 2026) (quoting *Church &*

*Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, No. 14 Civ. 585 (AJN), 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017)). "Thus, such documents receive a presumption of public access rooted in both the common law and the First Amendment." *Id.* (citations omitted). However, the presumption here is "relatively modest[,]" because the redacted information was not relevant to the Court's decision on the motion to compel. *See id.* (citing cases).

**DISCUSSION**

The proposed redactions to Exhibit 3 to Defendant's Letter Motion to compel, which is Plaintiffs' Amended Responses and Objections to Defendant's Second Set of Interrogatories, include names of FTP's clients and prospective clients, which FTP argues should be sealed to "protect both the privacy interests of these third parties, who are not parties to this action, and any commercially sensitive information that may be associated with them." (9/17/26 Jt. Letter Mot. to Seal at 1; *see also* 9/14/26 Letter Mot. Ex. 3, ECF No. 224-3.) However, FTP has not met its burden to show how the privacy interests of those clients are implicated by disclosure of their names alone. See *Lively v. Wayfarer Studios LLC,* 24-CV-10049 (LJL), 2026 WL 145483, at *5 (S.D.N.Y. Jan. 20, 2026) ("The fact that a document mentions the name of a third party does not in and of itself provide a compelling reason for the continued sealing of that document."); *Hayden v. Int'l Bus. Machines Corp.*, 21-CV-02485 (VB), 2026 WL 1266363, at *4 (S.D.N.Y. May 8, 2026) (denying request to redact client identities unaccompanied by specific details of work performed); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 750 (S.D.N.Y. 2017) (explaining that "information about the work performed for the client" required "closer consideration" but finding "no basis" to redact "general references to client identities"); *cf. Cohen v. Gerson Lehrman Grp., Inc.*, 09-CV-04352 (PKC), 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (granting request

to seal exhibits identifying "specific clients and, at times, details as to the projects for which they retained [the defendant]" when clients' identities had "no bearing" on case).

Accordingly, the Court denies without prejudice FTP's motion to seal the redacted portions of Exhibit 3. No later than October 16, 2026, FTP shall file any renewed motion to seal Exhibit 3 making a showing as to why its redactions are appropriate. If no such motion is filed, no later than October 19, 2026, Circle shall publicly file an unredacted version of Exhibit 3.

With respect to Exhibits 8, 9 and 12 to Circle's Letter Motion, Exhibit B to Plaintiffs' Response and Exhibits 5, 6 and 7 to Circle's reply in support of its motion to compel, the Court finds that sealing, albeit in certain cases belated,[1] of the personal phone telephone numbers of witnesses, including FTP CEO Steve McLaughlin and Circle CEO Jeremy Allaire, is warranted. *See Farris v. Avon Products, Inc.*, 23-CV-02023 (LAK) (SN), 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024) ("Typically, sealing of personal information 'such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public' is warranted unless that information has bearing on issues before the court.") (citing *Anderson v. New York City Health & Hosps. Corp.*, No. 16-CV-01051 (GBD) (KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020) (sealing, *inter alia*, personal telephone numbers).

The Court finds that sealing Exhibits 13, 14 and 15 to Circle's Letter Motion is justified, as the proposed redactions protect not only identities of third parties who communicated with Mr. McLaughlin unrelated to this case, but also information that may reveal their business strategies and transactions. *See Hayden*, 2026 WL 1266363, at *4 (redaction of information conveying

[1] Exhibits 8 and 9 to Circle's Letter Motion originally were filed on the public docket on September 14, 2026. As a result of the Joint Letter Motion to Seal Exhibits 8 and 9, filed on September 23, 2026, the entirety of Circle's Letter Motion was placed under seal. No later than October 19, 2026, Circle shall publicly file a version of its motion with only the redacted exhibits under seal.

details of specific work proposed or performed for [defendant's] clients is warranted); *Fairstein v. Netflix, Inc.*, 20-CV-08042 (PKC), 2023 WL 6164293, at *3 (S.D.N.Y. Sept. 21, 2023) (permitting redactions to personal contact information and discussions of individuals with no connection to any issue in the case). Similarly, the Exhibits D and E to Plaintiffs' Response contain details regarding Circle's discussion and negotiations with third parties, whose privacy interests the Court finds outweigh the public right of access.[2] (*See* 9/23/26 Jt. Letter Mot. to Seal Exs. B, D, and E, at 1-2; *see also* Fox-Green Dec., ECF No. 237-1.)

Finally, the Court finds that sealing of those portion of the Circle's Reply revealing the identity of a non-party with which Circle negotiated a potential commercial arrangement and related redactions in Exhibit 6 (*see* 9/26/26 Jt. Letter Mot. to Seal at 1) require further support. As with FTP's motion to seal the names of clients in Exhibit 3, Circle has not met its burden to show how the privacy interests of the third parties are implicated by the disclosure of their names. Accordingly, the Court denies without prejudice Circle's motion with respect to its Reply and the redactions in Exhibit 6 other than personal telephone numbers. No later than October 16, 2026, Circle shall file any renewed motion to seal making a further showing as to why its redactions are appropriate. If no such motion is filed, no later than October 19, 2026, Circle shall publicly file an unredacted version of its Reply and a revised redacted version of Exhibit 6.

**CONCLUSION**

For the foregoing reasons, the parties' Joint Letter Motions to seal (ECF Nos. 226/227, 234/235, 237/238 and 239/240) are GRANTED, except DENIED WITHOUT PREJUDICE with respect

[2] The Court notes that while the parties only move to seal Exhibits B, D and E, all of the exhibits to Plaintiffs' Letter Response are filed under seal. (*See* Letter Response, ECF No. 228.) No later than October 19, 2026, Plaintiffs shall publicly file a version of its motion with only the redacted exhibits under seal.

to Exhibit 3, Circle's Reply and the redactions in Exhibit 6 other than personal telephone numbers. No later than October 16, 2026, FTP and Circle each shall file any renewed motions to seal in accordance with this Order. No later than October 19, 2026, the parties shall file unredacted versions of the motion papers which are not the subject of any motion to seal, as set forth herein, and any exhibits for which they do not make a renewed motion to seal.

**SO ORDERED.**

Dated: New York, New York
October 2, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge